## 950. FARKAS v. BROWN.

RUSSELL, J. 1. In a case where there is direct conflict in the evidence as to the only material issue involved, it is not error to instruct the jury that a witness may be impeached by disproving the facts testified to by him. And though, in strict propriety, the court's instructions upon the subject of impeachment should be limited to the method appropriate to the evidence adduced, still, in such a case, the mere enumeration, in the charge, of the other modes of impeachment provided by law does not require a new trial, where no reason appears why the complaining party could have been injured thereby. Especially is a new trial not demanded for the mere statement of the several modes of impeachment, when the instructions upon the subject of the credibility of the witnesses generally, and of the right of the jury to determine for themselves in whose favor is the preponderance of the evidence, are clear, pertinent, legal, and impartial.

2. The assignments of error complaining that the contentions of the defendant were given undue force and prominence are not sustained by the record. The contentions of the plaintiff were as fully and fairly presented as those of the defendant. The mention by the judge (in connection with his rehearsal of the plaintiff's positive statement of his contention) of one of the reasons assigned by the plaintiff for knowing that he was correct, in his main statement, was not violative of § 4334 of the Civil Code, as against the plaintiff; nor could it have tended to withdraw from the jury the positive statement of the plaintiff that he knew that the defendant had not made the payments which

he claimed to have made. The reason only added corroborative force to the statement of the witness.

3. A trial judge should refer to the evidence only so far as is necessary to present the leading issues, and should omit reference to the minor details of the testimony. But where the error is favorable to the plaintiff in error, and when such error can affect injuriously only the opposite party, such plaintiff in error will not be heard to complain thereof. "One can not complain of that which has not hurt."

4. The evidence authorized the verdict, and there was no error ih refusing a new trial.					*Judgment affirmed.*

Affidavit of illegality, from city court of Sylvester—Judge Park. December 7, 1907.

Argued February 18,—Decided March 30, 1908.

*Mark Tison, J. H. Tipton,* for plaintiff.

*Claude Payton,* for defendant.