## 37648. PRATHER v. THE STATE.

UNDERCOFLER, Justice.

Johnny Isaiah Prather was convicted in Coweta County for the murder of Bruce Roberson, for aggravated assault upon Thomas Thornton and for possession of a firearm by a convicted felon. He was sentenced to life imprisonment for the murder and to two concurrent four year sentences for the other offenses. He appeals. We affirm.

1. The jury heard evidence favorable to the verdicts as follows.

The shootings occurred at Hunter's Fairmont Tavern. Prather and Roberson argued over a woman named Tricia or Tisha. Roberson swung at Prather with a beer bottle. The table at which they and others were drinking was overturned. Prather was seen standing over Roberson shooting at him repeatedly with a pistol. One of the shots struck Thornton, a bystander who had not been involved in the argument or the affray.

Medical testimony indicated that Roberson died from a gunshot

wound in the base of the neck that severed the carotid artery. He also sustained a second wound in the head, the bullet having entered the brain. Thornton was treated for a gunshot wound in the chest, the bullet having missed Thornton's heart by about an inch.

Evidence was introduced of Prather's previous felony conviction and of his possession of the pistol with which he shot Roberson and Thornton.

The evidence heard by the jury was sufficient under the current legal standard to authorize conviction on each of the three charges. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Prather contends that error was committed by the introduction in evidence of a certified copy of his previous felony conviction and by the district attorney's having asked him during cross examination whether he is the person named in the certified copy. He contends that Code Ann. § 26-2914, penalizing the possession of a firearm by a convicted felon, in effect is a recidivist statute; hence, that evidence of his previous conviction improperly was introduced during trial of the issue of guilt, thereby impermissibly putting his character in evidence. *Black v. Caldwell*, 231 Ga. 589 (203 SE2d 208) (1974).

In a recidivist proceeding, evidence of previous convictions relates alone to punishment; not to guilt versus innocence. Therefore, such evidence should be excluded during the guilt-innocence phase of the proceedings so that the recidivist will be tried "only for the particular offense with which he is charged." *Black,* supra, at p. 591.

On the other hand, Prather's previous felony conviction was one of the elements of the offense defined by Code Ann. § 26-2914 which the State was required to prove beyond a reasonable doubt in order to substantiate the jury's verdict finding him guilty of possession of a firearm by a convicted felon. Accordingly, the present case is distinguishable from *Black,* supra, and is analogous to *Ingram v. State,* 237 Ga. 613 (2) (229 SE2d 416) (1976), in which we held that the trial court did not err by admitting evidence of a prior conviction for armed robbery since proof of lawful confinement was a necessary element in proof of the crime of escape.[1]

We hold that proof of the previous felony conviction was a necessary element of the State's proof under Code Ann. § 26-2914, and that introduction of evidence of that previous conviction during trial of the issue of guilt was not error.

---

[1] The court charged the jury that evidence of Prather's previous conviction was to be considered only in relation to the count charging him with possession of a firearm by a convicted felon.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 7, 1981.

*S. Eugene Lambert, Jr.,* for appellant.
*Arthur E. Mallory III, District Attorney, Gerald S. Stovall, Assistant District Attorney, Arthur K. Bolton, Attorney General, Mary Beth Westmoreland, Assistant Attorney General,* for appellee.