## 63247. BIGGERS v. THE STATE.

SHULMAN, Presiding Judge.

Appellant was found guilty on three indictments charging him with various firearm violations. On this appeal, he contends that the trial court erred in denying his motion to suppress evidence, in admitting certain evidence, in denying his motion for a directed verdict of acquittal, and in two aspects of the charge to the jury. Our review of the law and of the record reveals no reversible error.

1. Appellant argues that the evidence seized at the time of his arrest should have been suppressed because his arrest was illegal and, even if the arrest was legal, the search of the car he was occupying when he was arrested was illegal. We do not agree with either conclusion.

A. The evidence at the hearing on appellant's motion to suppress showed that he and a companion named Daniel were arrested in a church parking lot. The arresting officer testified that he was sent to the church by a deputy sheriff who told him that there was a car there with two men who might be armed. The deputy directed the officer to investigate. When the officer arrived, he noticed that the license plate on the car was an expired Tennessee dealer's tag. When asked for identification, Daniel produced an identification card but no driver's license. Appellant produced an out-of-state driver's license. The officer testified that he requested a check on appellant through the National Crime Information Center computer. Upon being informed that appellant was wanted in Texas, the officer arrested him. Meanwhile, another officer had arrived and had arrested Daniel on unrelated charges.

Appellant maintains that the arresting officer had no legal justification for detaining him for any period of time at all and that, even if there was a basis for a brief investigative stop, the steps taken by the arresting officer went beyond the proper scope of such a stop. We find merit in neither assertion.

We have no hesitation in ruling that the circumstances warranted the formation of an articulable suspicion that criminal activity was afoot: the arresting officer had been directed to investigate the presence of a car with two men in it parked in a church

parking lot during a weekday and had been warned that the men might be armed; the deputy who gave those directions had, through his dealing with Daniel, reason to suspect that appellant and Daniel may have been present for illicit purposes; when the arresting officer arrived at the church, he noted that the car had an expired dealer's license plate.

The police officer was authorized by those circumstances to make " . . . a *'brief stop'* of the suspicious person 'to maintain the status quo *momentarily,* while obtaining more information' to confirm or dispel the information received. [Cit.]" *Radowick v. State,* 145 Ga. App. 231, 233 (244 SE2d 346). We cannot agree with appellant's argument that the stop in this case became too intense and too prolonged when the officer requested information from the National Crime Information Center computer. This case is not like *Radowick,* where the suspects were detained for some 40 minutes for the purpose of securing a consent to search the vehicle. Here, there is no indication in the record of the time involved in securing the information that appellant was a fugitive from Texas authorities. It does not appear to have been an unreasonable time. Based on all the circumstances, we find that the evidence supports a finding that appellant's arrest was legal.

B. Conceding for the purpose of argument that the arresting officer was entitled to stop appellant and to arrest him, appellant insists that the subsequent search of the automobile was illegal. The trial court found otherwise and we concur with that finding.

The arresting officer testified that he considered conducting an inventory of the vehicle at the scene of the arrest because both occupants of the vehicle had been arrested and were being taken to jail. There was no one to take charge of the vehicle. Compare *State v. Thomason,* 153 Ga. App. 345 (3) (265 SE2d 312). The officer testified that because there were few personal items located in the interior of the vehicle, he thought it would be feasible to inventory the vehicle at the arrest scene before it was towed away. He testified, however, that when he opened the trunk he found it so full of personal items, including weapons, that an inventory at the scene was not possible. The vehicle was subsequently searched and the weapons here involved were found therein.

"It is well established that a police seizure and inventory is not dependent for its validity upon the absolute necessity for the police to take charge of property to preserve it. They are permitted to take charge of property under broader circumstances than that." *Mooney v. State,* 243 Ga. 373, 375 (254 SE2d 337). Here, the car with an expired out-of-state license plate was parked on private property. Both occupants were going to jail and neither suggested that there

was someone who could take charge of the car. In addition, the arresting officer had been cautioned that the occupants of the car might be armed. Having found no weapons on the persons of the arrestees, the officer then had as an additional justification for an inventory the same considerations involved in Cady v. Dombrowski, 413 U. S. 433 (93 SC 2523, 37 LE2d 706): it might be unsafe to leave a weapon where a member of the public might find it. The trial court was authorized to find the search to be a legitimate and justified inventory. The denial of appellant's motion to suppress was not error.

2. One of the indictments against appellant charged him with five counts of possessing a firearm after having been convicted of a felony. See Code Ann. § 26-2914. Each count of the indictment specified the felony of which appellant had previously been convicted, armed robbery, and identified the court in which the conviction was had and the indictment number of the previous case. The documentary evidence submitted to establish the fact of appellant's previous conviction showed that appellant had pleaded guilty in Tennessee to both counts of a two-count indictment charging him with armed robbery and "shooting into police vehicle."

The prohibition against introducing previous convictions into evidence in a criminal trial has a specific statutory exception for cases in which such previous convictions are alleged in the indictment as an element of the offense. Code Ann. § 38-415. In the present case, the indictment alleged appellant's conviction of armed robbery and appellant recognizes the appropriateness of that allegation. However, he argues, admitting evidence of the second offense illegally injected his character into the trial.

We agree with appellant that it is inappropriate to show one conviction on an indictment and then introduce evidence of two convictions at trial. However, the documentary evidence of appellant's armed robbery conviction included such references to the other offense that they could not have been separated. The better practice in situations such as this would be to allege both prior convictions in the indictment. That is not to say that prosecutors may now list a defendant's entire criminal record on the face of an indictment for a crime, an essential element of which is a prior conviction. When, however, the record of the case in which a defendant was previously convicted of a felony shows two prior convictions and, as was the situation here, the records of the two convictions are so inextricably intertwined that one could not effectively be masked or otherwise removed from the jury's view, both convictions should be listed. Although that was not done in the present case, we perceive no harm done to appellant. The evidence showed his conviction of the crime alleged in the indictment; that it

showed his conviction of a crime not listed on the indictment was no more prejudicial in our view.

3. In three separate enumerations of error, appellant complains of the denial of his motion for a directed verdict, of the refusal of a requested jury charge to the effect that merely being in the vicinity of or occupying premises on which was found contraband does not warrant a conviction for possession of the contraband, and of the giving of a jury charge on constructive possession. The basis for appellant's arguments on these issues is that there was no evidence connecting him to the weapons found in the car other than his presence behind the wheel when the arresting officer arrived. Appellant's arguments on those issues must fail because they are grounded on a faulty premise.

The evidence connecting appellant to the weapons was somewhat stronger than appellant admits. Appellant was in apparent control and possession of the car when arrested. Clothing belonging to appellant was found in the car and there was evidence authorizing a finding that those clothes were mixed with other items in the trunk, including the weapons. Appellant was the only one of the men in the car who had a driver's license. While in jail, appellant was overheard discussing with his companion the disposition of the car. Appellant's remarks in that conversation were consistent with a claim of ownership of the car.

In light of that quantum of evidence connecting appellant with the car in a proprietory way and connecting appellant with the weapons found in the car, we find no error in any of the rulings complained of. A directed verdict of acquittal should be granted only when there is no conflict in the evidence and the evidence demands a verdict of acquittal. Code Ann. § 27-1802. "Since . . . the evidence here authorized appellant's conviction, that evidence could hardly be found to demand a verdict of acquittal." *McCane v. State,* 147 Ga. App. 730, 731 (250 SE2d 181).

Appellant's requested charge concerning mere presence was not authorized by the evidence since there was unrefuted evidence connecting appellant more intimately to the car. Conversely, appellant's complaint concerning the charge as given is without merit because the evidence authorized a charge on constructive possession of the car and its contents. The case on which appellant primarily relies on these issues, *Farmer v. State,* 152 Ga. App. 792 (264 SE2d 235), does not require a contrary result. There, the only evidence connecting the defendant to the car was his presence in it as a driver. The additional evidence in this case makes *Farmer* inapposite. In light of all the evidence in this case, we see no reason for reversal on any ground asserted by appellant.

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED APRIL 7, 1982—
REHEARING DENIED APRIL 20, 1982— 

John O. Wiggins, for appellant.
David L. Lomenick, District Attorney, Herbert E. Franklin, Roland L. Enloe, Jr., Assistant District Attorneys, for appellee.