64564. THE STATE v. SANTERFEIT et al.

BIRDSONG, Judge.

The appellees are three previously convicted felons who were arrested and whose vehicle was searched (with a warrant), on suspicion of burglary of a certain commercial establishment. In the vehicle were found an amount of marijuana, money wrappers, vending machine keys found later to fit machines in the burglarized premises, a tool box identified by the premises owner as his own, a box containing a large amount of coins; and a loaded .38 caliber Taurus revolver was found concealed under the vehicle dashboard. The three felons were indicted in one count for burglary, in one count for possession of marijuana, and in three counts (one as to each individual) for possession of a firearm by a convicted felon, the previous felony as to each individual being named as a particular burglary. On motion by the appellee felons, the trial court quashed and dismissed the indictments as to possession of a firearm by a convicted felon. *Held:*

The trial court erred in quashing the three counts of the indictment charging the appellees with "possession of a firearm by a convicted felon." Code Ann. § 26-506 provides: "(a) When the same conduct of an accused may establish . . . more than one crime, the accused may be prosecuted for each crime. . . . (b) . . . the several crimes arising from the same conduct . . . must be prosecuted in a single prosecution except . . . [that] (c) . . . the court in the interest of justice may order that one or more of such [acts] be tried separately." If we grant that the trial court could in its discretion, "in the interest of justice . . . order that [the charge of possession of firearm by a felon] be tried separately," the fact remains that this is not what the trial court did; or, at least, if it attempted to do this by quashing and dismissing these indictment counts, it did so on an erroneous legal theory, and must be reversed.

The trial court perceived that the weapon in this case was not related to, i.e., not used in, the other crimes indicted (burglary and

possession of marijuana) and moreover that the proof of prior convictions placed the appellees' characters in issue. In *Prather v. State,* 247 Ga. 789, 790 (279 SE2d 697), the Supreme Court held that evidence of a previous felony conviction is a necessary element of the crime proscribed by Code Ann. § 26-2914, possession of a firearm by a felon, and that therefore introduction of that evidence for proof of guilt is not error. The happenstance that in *Prather,* supra, the crime of aggravated assault was directly related to the crime of possession of a firearm by a felon (since the weapon used was the same in both offenses) does not mean that in every case the possession of the weapon must be "related" to any other crimes alleged. In fact, it is clear the offenses which, under Code Ann. § 26-506 (b), "must be prosecuted in a single prosecution," do not have to be directly related to all, except as they arise "out of the same conduct," but can be as independent and varied as human experience will allow. See e.g., *Clemson v. State,* 239 Ga. 357 (236 SE2d 663); *Ingram v. State,* 237 Ga. 613, 614 (229 SE2d 416); *Coker v. State,* 234 Ga. 555 (216 SE2d 782). In fact, the trial court's reasoning that "the crimes of burglary and possession of marijuana by their very nature do not involve the use of firearms," proves its own inconsistency, since indeed burglary and marijuana possession are not themselves related by nature, and proof of one might tend to put the defendant's character in issue; yet, neither of these counts was dismissed as infectious of the other. We find, moreover, that the trial court was erroneous in saying as a matter of law that the weapon in this case was not related to, i.e., was not used in the other offenses; whether it was, or not, was a fact that might be inferred from the evidence and was not for the trial court to determine on a motion to quash.

The conduct of the felons in this case of riding around in a van with marijuana and a firearm and the fruits and tools of a burglary, "may establish the commission" of all the crimes charged in the indictment counts, Code Ann. § 26-506 (a), and may constitute a continuous series of acts or single scheme or plan. *Clemson,* supra. These offenses *"must* be prosecuted in a single prosecution" (Code Ann. § 26-506 (b)) (emphasis supplied). We add that the fact that a necessary element of one of the crimes alleged is conviction of a prior felony does not, of and by itself, authorize the trial court to order a separate trial in the interest of justice (Code Ann. § 26-506 (c)); where a convicted felon commits several crimes in the course of the same conduct, if proof of a prior felony conviction is a necessary element of one of the crimes charged, then so be it. The only justice we perceive to be served by excluding proof of the prior felony (and dismissing the indictment altogether or severing the trial of the offenses) might arise where proof of the accompanying offenses is so

uncertain or circumstantial that the verdict as to them is likely to be prejudicially influenced by proof of a prior felony conviction, as may happen in any case where multiple crimes are charged.

The rule that evidence of a prior conviction is not admissible, as putting the defendant's character in issue, is not an absolute rule. Code Ann. § 38-415 clearly provides that "evidence of prior felony convictions may be admitted in those cases where the same are alleged in the indictment as provided by law." It is not true, as the trial court ruled in this case, that "the sole purpose [in] including the charge of possession of a firearm by a convicted felon . . . would be to put the character of the defendants in issue." The purpose in including the firearms possession charges with the marijuana and burglary charges is to prosecute appellees for all crimes arising out of the same conduct (Code Ann. § 26-506). The state has the right to do this (*Prather,* supra; see *Ingram,* supra); and if one of the elements of the crime charged requires proof of a felony conviction, it is permissible under the evidentiary rule just quoted (Code Ann. § 38-415) and not as an exception thereto. It is more to the point to say that the defendants by their alleged conduct put their own character in issue, and as we say, so be it.

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 27, 1982.

*Gary C. Christy, District Attorney, J. Anderson Harp, Assistant District Attorney,* for appellant.
*A. Frank Grimsley, Jr., John C. Pridgen,* for appellees.