## 64647. GRANT v. THE STATE.

DEEN, Presiding Judge.

George Grant moved for a new trial following his conviction on charges of aggravated assault and possession of a firearm by a convicted felon. He brings this appeal following denial of his motion for a new trial and enumerates a single error. *Held:*

The trial court did not err in charging the jury on impeachment by proving a felony conviction. The state introduced into evidence at trial, for the purpose of establishing that the defendant was a member of the class contemplated by Ga. Code Ann. § 26-2914, authenticated copies of two prior felony convictions. Defense counsel offered no objection to this evidence.

The appellant requested a jury charge on methods of impeachment, including impeachment by evidence as to the witness' general bad character, and the trial court gave the requested charge. When the court charges on impeachment, the charge must include all methods of impeachment authorized by the evidence, including, as in this case, impeachment by evidence of general bad character. *Webb v. State,* 140 Ga. 779 (79 SE 1126) (1913); *McNeill v. State,* 135 Ga. App. 876 (219 SE2d 613) (1975). The court instructed the members of the jury that it was their prerogative to assess the witnesses' relative credibility and to evaluate the evidence. When jury instructions on these points are "clear, pertinent, legal and impartial," as in this case, the granting of a new trial is inappropriate. *Farkas v. Brown,* 4 Ga. App. 130 (60 SE 1014) (1908), quoted in *Stanley v. Squadrito,* 107 Ga. App. 651 (131 SE2d 227) (1963). Error may not be enumerated upon the giving of a charge requested by the appellant. *Solomon v. State,* 247 Ga. 27 (277 SE2d 1) (1981); *Oglesby v. State,* 243 Ga. 690, 691 (256 SE2d 371) (1979); *Patterson v. State,* 233 Ga. 724 (213 SE2d 612) (1975).

Evidence of a prior crime is generally inadmissible at trial for a subsequent offense unless the defendant places his character at issue. *White v. State,* 147 Ga. App. 260 (248 SE2d 540) (1975); *Walker v. State,* 86 Ga. App. 875 (1) (72 SE2d 774) (1952). The appellant in this case did not place his character at issue. There are, however, several well-recognized exceptions to this general rule. *Bacon v. State,* 209 Ga. 261 (71 SE2d 615) (1952); *Dorsey v. State,* 204 Ga. 345, 350 (49 SE2d 886) (1948); *Cawthon v. State,* 119 Ga. 395 (46 SE 897) (1903); *Walker v. State,* supra. Among these exceptions is the situation in which the conduct that the conviction evidences is a part of the *res gestae* of the offense with which the defendant is currently charged. *Hill v. State,* 201 Ga. 300 (39 SE2d 675) (1946); *Cawthon v. State,* supra, 409; *Hodges v. State,* 85 Ga. App. 617, 623 (70 SE2d 48) (1951).

In this case introduction of the prior felony convictions was necessary to establish an element of the second of the two offenses with which appellant was charged. It therefore falls within the *res gestae* exception to the general rule. The court did not err in admitting the evidence.

Furthermore, if an authenticated copy of a court record showing a conviction is proffered for admission into evidence and defense counsel makes no objection, that record is admissible as valid evidence. *Moore v. State,* 231 Ga. 301, 312 (201 SE2d 432) (1973); *White v. State,* supra, 261. The record reveals that defense counsel offered no objection when the state entered the convictions into evidence and questioned appellant regarding them.

Appellant's enumeration of error is therefore without merit. *Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED OCTOBER 7, 1982.

*Derek H. Jones,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, Jerry Baxter, Assistant District Attorneys,* for appellee.