### 41136. EVANS v. THE STATE.
(320 SE2d 168)

GREGORY, Justice.

The appellant, Henry Lee Evans, was indicted in Muscogee County for the murder of John Frederick Holloway and for possession of a firearm by a convicted felon. He entered a guilty plea as to the possession charge. Following a trial by jury, appellant was found

---

guilty of murder and received a life sentence.

The State presented evidence at trial which showed the following: The appellant was the operator of the B & W Game Room on Cusseta Road in Columbus, Georgia. During the evening of December 13, 1982, approximately three customers were present in the game room. At approximately 8:00 p. m. the victim, John Frederick Holloway, entered the game room and briefly spoke with two patrons as he walked to the back of the facility. Holloway asked the appellant for the key to the rest room. The appellant refused to unlock the rest room door stating he would not open the rest room door for Holloway or anyone else. Witnesses testified at trial that when Holloway asked why he could not use the rest room, the appellant responded that he did not have to give a reason, and apparently tired of Holloway's requests, stated, "you're going to leave me alone." Appellant then walked to the back kitchen area that was used as an office and returned with a .12 gauge shotgun. Holloway, standing approximately six feet away, asked the appellant why he had a shotgun. Appellant then pulled the trigger of the shotgun striking Holloway in the side. The shotgun blast killed the victim almost instantly. Appellant returned the shotgun to the kitchen area and telephoned authorities. After completing the telephone conversation, appellant noticed the presence of the three witnesses and instructed them to leave the game room before the police arrived because "he didn't want any confusion."

When the police arrived they found the victim lying on his back with an apparent shotgun wound to the left side of his abdomen. No witnesses were present other than appellant. The appellant told police, and later testified at trial, that the victim wanted to use the rest room and became angry when appellant refused to let him do so. Appellant testified the victim then reached into his back pocket as if for a weapon, at which point the appellant pointed the shotgun at him. He stated the victim grabbed the shotgun by the barrel and it went off. No fingerprints or smudges were found on the barrel of the shotgun. Eyewitnesses testified the victim did not reach into his back pocket, did not have a weapon, did not threaten the appellant and did not engage in an argument prior to the shooting. The jury found appellant guilty of murder.

The sole issue in this appeal is whether it was error to give the jury a copy of the indictment showing appellant's prior criminal record and allowing the jury to have the indictment during their deliberations on the guilt or innocence of appellant. The appellant was indicted in two counts. Count one, which was brought under the recidivist statute, OCGA § 17-10-7, charged the appellant with murder, and count two with possession of a firearm by a convicted felon. Therefore, appellant's prior felony convictions were specifically listed

in each. These prior felony convictions included burglary, shooting at another, robbery by force and aggravated assault. At the beginning of trial, the appellant entered a plea of guilty to count two, possession of a firearm by a convicted felon. The trial court, after examining appellant concerning the voluntariness of his plea, accepted his plea of guilty and reserved sentencing until after trial. Upon acceptance of his guilty plea to count two, appellant moved the court to provide a dummy or makeshift indictment on the murder count which leaves out the recidivist portion. This request was properly granted by the trial court. The appellant then made a motion to sever the offenses with which he was charged or upon his plea of guilty to the possession count, to keep from the jury knowledge of his prior felony convictions by deleting or masking count two of the indictment when it was sent to the jury. The trial court denied appellant's requests but ruled that since he had pled guilty to count two, no evidence of the possession charge would be admitted during trial. The court specifically instructed the district attorney that he could not discuss appellant's prior record during the trial and the only statement which would be allowed concerning count two was that appellant had entered a guilty plea to the charge. The court specifically instructed the jury, both before and after trial, that the only offense for which the appellant was being tried was the murder charge and that the jury should not consider any part of count two in its deliberations.

The appellant argues the trial court's ruling, which allowed the indictment containing his prior criminal record to go out with the jury during their deliberations, was highly prejudicial, improperly placed his character in issue, and prevented him from receiving a fair trial for the only purpose served by the jury's awareness of his record was to enhance the likelihood of a conviction. We agree and reverse.

The general rule in Georgia is where a former verdict appears upon the indictment, the better practice is to cover, erase or in some way conceal the former verdict from the jury. However, this right can be waived by failure to request it, and in such event, there is no reversible error where the jury is instructed not to consider such verdict. *Johnson v. State*, 246 Ga. 474 (271 SE2d 789) (1980); *Salem v. State*, 228 Ga. 186 (184 SE2d 650) (1971). The same principle governs here. We find no waiver of the right in this case, nor are we persuaded by the State's argument that any error committed by the court was harmless. See *Clemmons v. State*, 233 Ga. 187 (210 SE2d 657) (1974). Once the trial court accepted appellant's guilty plea to possession of a firearm by a convicted felon, thereby removing this issue from the jury's consideration, the proper course of action would have been to keep appellant's prior criminal record from the jury's knowledge while they deliberated on the murder charge. Failure to do so upon request is reversible error.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 26, 1984.

*H. Haywood Turner III,* for appellant.

*William J. Smith, District Attorney, J. Gray Conger, Assistant District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis,* for appellee.

*Judgment reversed. All the Justices concur, except Gregory and Bell, JJ., who dissent.*