73045. BEASLEY v. THE STATE.
(351 SE2d 255)

SOGNIER, Judge.

Appellant was convicted of armed robbery, possession of a firearm by a convicted felon and possession of a firearm during commission of a crime; he was also charged as a recidivist.

1. Appellant contends the trial court erred by allowing Rosa Lewis to testify as to the circumstances of an armed robbery committed by appellant on September 29, 1980. Lewis testified that she was working alone as the cashier in a package store in Atlanta, Georgia, when a man entered the store, looked around as if to buy something, then pulled a knife and robbed her. The State then introduced a certified copy of appellant's conviction of the armed robbery of Lewis, as well as certified copies of appellant's convictions for three other offenses committed in August and December 1980. These exhibits were introduced without objection.

Appellant contends that testimony as to the prior armed robbery was not admissible because it had no logical connection and was not similar to the offense charged; was not necessary to prove the identity of appellant as the perpetrator of the robbery charged here; and did not show motive, scheme, course of conduct or intent. Therefore, appellant argues that the testimony of Lewis was not admissible as an exception to the general rule that evidence of independent crimes is inadmissible at the trial of the crime charged, even though it be a crime of the same sort. See *Johnson v. State*, 242 Ga. 649, 652 (3) (250 SE2d 394) (1978).

In the instant case appellant drove into a service station in Vi-

enna, Georgia, filled his car with gas and followed the owner, Melvin Wright, into the service station to pay for the gas. When Wright started to open the cash drawer appellant drew a gun and robbed Wright of $75 cash, plus the value of the gasoline he had put in his car.

Appellant was additionally charged with possession of a firearm by a convicted felon, which required proof by the State that appellant had been convicted of a felony prior to the offenses charged here. *Grant v. State*, 163 Ga. App. 775, 776 (296 SE2d 110) (1982); *Prather v. State*, 247 Ga. 789, 790 (2) (279 SE2d 697) (1981). The State met this burden by introducing, without objection, certified copies of appellant's prior felony convictions, including his conviction for the armed robbery of Lewis. The certified copy of that conviction included the indictment, alleging that appellant unlawfully took $982 from Rosa Lewis by intimidation and by use of a knife. Thus, except for minor details concerning the actual commission of the offense, all of the information testified to by Lewis was contained in the certified copy of appellant's conviction for that armed robbery, which was legally admissible in evidence. *Grant, Prather*, supra. While we find no logical connection or similarity between the prior armed robbery and the offense charged whereby proof of the former would tend to prove the latter, proof of the same facts by legally admissible evidence renders harmless the admission of inadmissible evidence. *Davis v. State*, 167 Ga. App. 701, 703 (3) (307 SE2d 272) (1983). Accordingly, any error in allowing Lewis to testify was harmless.

2. Appellant contends the trial court erred by denying his motion for a new trial because the State did not prove that appellant was at the scene of the crime where these offenses occurred. The evidence disclosed that on the night of November 30, 1985 appellant accosted Betty Bryant at gunpoint outside her apartment building as she was returning from work. Appellant demanded that Bryant give him her money, and when she said it was in her car appellant took her car keys and stole Bryant's 1976 Oldsmobile. At about 7:45 a.m. the following morning appellant drove into Melvin Wright's service station in Vienna, and after filling the car with gas, robbed Wright at gunpoint. Appellant was driving Bryant's car at the time. About 9:00 a.m. the same day appellant robbed a service station in Tifton, Georgia, still driving Bryant's car. Appellant was pursued by a police officer in a high-speed chase and after appellant drove off the road, he fled on foot. He was apprehended about 5:00 p.m. that afternoon hiding behind an embankment near a wooded area.

Although appellant testified that he had never been in Tift County or Dooly County and did not commit the robberies, he was identified positively by Bryant, Wright and Margaret Paulk (from the Shell station in Tifton), as the person who robbed them. Further, ap-

pellant was identified by the police officer who pursued appellant as the person he chased and apprehended in Tift County. Money from robbery of the Shell station was left in the car when appellant fled on foot. Such evidence is sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Accordingly, it was not error to deny appellant's motion for a new trial.

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED NOVEMBER 24, 1986.

*John W. Sherrer, Jr.*, for appellant.
*Edwin T. Cotton, District Attorney, Kathryn C. Fallin, Assistant District Attorney*, for appellee.