## 73141. FAVORS v. THE STATE.
(355 SE2d 109)

BEASLEY, Judge.

Favors, observed by a MARTA policeman consuming alcohol in a station, was approached by an officer, who noticed a bulge in Favors' waist band and removed a loaded .38. Favors was convicted of carrying a concealed weapon (OCGA § 16-11-126 (a)), carrying a pistol without a license (OCGA § 16-11-128 (a)), and possession of a firearm by a felon (OCGA § 16-11-131 (b)). As to the first two counts, he complains of the court's refusal to remove from the face of the indictment two previous convictions for both carrying a concealed weapon and carrying a pistol without a license. As to the third count, he seeks reversal for the court's refusal to delete three of the four felonies listed on the indictment.

1. In addition to the inclusion of the previous convictions in the indictment itself, Favors received notice before trial that the state intended to use the two prior weapons convictions as either evidence of similar transactions or in aggravation of punishment.

Both OCGA §§ 16-11-126 (b) (2) and 16-11-128 (b) (2) provide that for the second and any subsequent convictions the offender shall be guilty of a felony and receive from one to five years. The first conviction under each is a misdemeanor. Thus, both of these statutes are recidivist statutes, containing directions for the imposition of punishment under specified aggravated circumstances. In order to trigger the aggravation of punishment provisions of OCGA § 16-11-126 (b) (2) and § 16-11-128 (b) (2), it is necessary to show prior *convictions.* Cf. *State v. Hendrixson,* 251 Ga. 853, 854 (310 SE2d 526) (1984). It is not sufficient merely to show the commission of previous offenses, the existence of previous charges, or the occurrence of previous events.

Under Georgia's old two-step felony trial procedure where sentence was imposed by the same jury which decided guilt, it was required that in order for any prior convictions to be considered in aggravation of punishment, they had to be included in the indictment. *Riggins v. Stynchcombe,* 231 Ga. 589, 592-593 (203 SE2d 208) (1974). Since 1974 when Georgia adopted judge sentencing, OCGA § 17-10-2, it is not required that the prior convictions be included in the indictment but only that the accused receive notice of the state's intention to seek recidivist punishment and of the identity of the prior convictions. *State v. Hendrixson,* supra; *Anderson v. State,* 176 Ga. App. 255, 256 (335 SE2d 487) (1985).

While it is not error for the prior convictions to be set out in the indictment in a recidivist case, *Jackson v. State,* 158 Ga. App. 702, 703 (5) (282 SE2d 181) (1981), it is error for the jury to be made aware of the prior convictions during the guilt/innocence phase of the trial where there is no other legal basis for the consideration thereof.

*Riggins,* supra at 593; *Hendrixson,* supra at 854.

Favors was indicted as a recidivist, with the prior weapons convictions set out in the indictment. No evidence of these convictions was presented to the jury, but the allegations concerning them were left unobscured on the indictment for their observation during their deliberations at the end of the guilt/innocence phase of the trial.

Defendant had moved at the commencement of trial that they be removed. Assuming it was error not to cover or take out the allegations of prior convictions, see *Williams v. State,* 165 Ga. App. 72 (299 SE2d 405) (1983); *Camp v. State,* 162 Ga. App. 857 (2) (293 SE2d 389) (1982), no reversible harm occurred. Defendant, as a witness in his own behalf, freely admitted that he was carrying the pistol in his pants, covered by his jacket and possibly even his shirt, when arrested, and during the trial there was no contention he had a license. See *Jordan v. State,* 166 Ga. App. 417, 419 (1) (304 SE2d 522) (1983). He testified that he had bought the gun the day before at a gunshop in Hapeville.

Moreover, the earlier weapons convictions had arisen out of the armed robberies, which were the felonies underlying the third count. Since, as discussed below, the jury legitimately was made aware of those convictions and saw from the indictments that they involved the use of a pistol or pistols (in one case the item stolen was also a pistol), leaving the allegations regarding the weapons convictions on the indictment was of little if any consequence. Even where the prior convictions are actually in evidence, which was not the case here, overwhelming evidence of guilt allows affirmance despite error. See *Stone v. State,* 253 Ga. 433, 435 (3) (321 SE2d 723) (1984); *Bogan v. State,* 177 Ga. App. 614, 616 (1) (340 SE2d 256) (1986).

2. Unlike the recidivist statutes, OCGA § 16-11-131 (b) requires that the previous felony conviction be proved to the jury as one of the elements of the crime. *Prather v. State,* 247 Ga. 789, 790 (2) (279 SE2d 697) (1981); *King v. State,* 169 Ga. App. 444, 445 (313 SE2d 144) (1984). Therefore, a felony conviction must be alleged in such an indictment and proven beyond a reasonable doubt. *Prather,* supra. Favors complains that not one, but four previous convictions of six felonies were alleged and proven against him. Although listing a defendant's entire record on the facts of an indictment has been discouraged, see *Biggers v. State,* 162 Ga. App. 163, 165 (2) (290 SE2d 159) (1982), the state is not limited to alleging and proving only one prior felony conviction when proof of a felony conviction is an element of the crime charged. *Head v. State,* 170 Ga. App. 324, 326 (3) (316 SE2d 791) (1984), rev'd on other grounds, 253 Ga. 429 (322 SE2d 228) (1984); *Sheffield v. State,* 163 Ga. App. 533 (295 SE2d 336) (1982); *Grant v. State,* 163 Ga. App. 775 (296 SE2d 110) (1982). Refusal to limit the allegations and proof to one prior felony conviction

was not reversible error.

*Judgment affirmed. Birdsong, C. J., Deen, P. J., McMurray, P. J., Banke, P. J., Carley, Sognier and Pope, JJ., concur. Benham, J., dissents.*

BENHAM, Judge, dissenting.

I respectfully dissent to Division 1 of the majority opinion. The majority recognizes that error occurred when the jury, during the guilt/innocence phase of appellant's trial, was made aware of appellant's prior convictions for carrying a concealed weapon and carrying a pistol without a license. The majority, however, maintains that the trial court's refusal to honor appellant's request to mask the indictment was harmless error (1) because appellant testified he was carrying the gun in a concealed manner and did not present evidence that he had a license to carry the weapon, and (2) because the prior weapons charges were related to the felonies proved under Count 3 of the indictment, alleging appellant was a convicted felon in possession of a firearm. I disagree with the second rationale for the simple reason that appellant's prior weapons charges were not listed on the indictment as elements of the offense of possession of a firearm by a convicted felon. Compare *Prather v. State*, 247 Ga. 789 (2) (279 SE2d 697) (1981). Additionally, I cannot agree with the rationale employed by the majority in its first basis of harmless error. "Because . . . it is error to disclose to the jury prior convictions before a determination of guilt, . . . the only purpose for their inclusion in the indictment is to give to the accused unmistakable advance warning that the prior convictions will be used against him *at sentencing.*" *State v. Hendrixson*, 251 Ga. 853, 854 (310 SE2d 526) (1984). (Emphasis supplied.) Prior convictions not alleged in the indictment as the underlying felonies in a charge alleging possession of a firearm by a convicted felon must in some way be concealed from the jury when requested by counsel, and failure to do so is reversible error in the absence of an instruction to the jury that they are not to consider the prior convictions. *Evans v. State*, 253 Ga. 331, 333 (320 SE2d 168) (1984). Accordingly, I would reverse appellant's convictions for carrying a concealed weapon and for carrying a pistol without a license.

DECIDED MARCH 17, 1987.

*J. Douglas Willix*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, William W. Fincher, Assistant District Attorneys*, for appellee.