## 74714. MILLER v. THE STATE.
### (359 SE2d 359)

BANKE, Presiding Judge.

Miller appeals his convictions of armed robbery, burglary, theft by taking and possession of a firearm by a convicted felon. *Held*:

1. The trial court did not err in denying the appellant's motion to dismiss the charges against him based on his alleged lack of sufficient time to prepare a defense. In the first place, we are aware of no authority for the proposition that lack of sufficient time to prepare a defense ever constitutes ground for the dismissal of an indictment, as opposed to ground for the continuance of the trial. Secondly, it does not appear that the appellant ever moved for a continuance. Rather, it appears that, acting through retained counsel, he filed a demand for trial pursuant to OCGA § 17-7-170, at a time when he was incarcerated in Alabama on unrelated charges, and that his subsequent trial in Georgia occurred during the last term in which he could have been tried pursuant to OCGA § 17-7-170. Finally, we note that the appellant has not specified any harmful effect the alleged insufficiency of time might have had upon his defense of the case. A statement by counsel for the defendant that he has not had sufficient time to investigate and prepare the defense is, of course, a mere conclusion which is not sufficient to require the grant of a motion for continuance. See *Miller v. State,* 165 Ga. App. 487, 488 (1) (299 SE2d 174) (1983). This enumeration of error is without merit.

2. Appellant next enumerates as error the failure of the trial court to sever the charges for trial; however, the record does not reflect that the appellant ever moved for such a severance, either before or during the trial. Consequently, this enumeration of error presents nothing for review. See *Poteat v. State,* 251 Ga. 87, 90 (5) (303 SE2d 452) (1983).

3. The appellant contends that the theft conviction should have merged with the armed robbery conviction. The armed robbery involved the taking of currency at gunpoint from the immediate possession of a convenience store cashier who was attempting to make a

nightly bank deposit, while the theft conviction involved the subsequent taking of the cashier's automobile. Under such circumstances, "[t]he evidence establishing the commission of the one crime is not the same as the evidence which established commission of the other crime." *Holt v. State*, 239 Ga. 606, 607 (238 SE2d 399) (1977). Accordingly, this enumeration of error is without merit. See *Parrish v. State*, 160 Ga. App. 601, 603-604 (2) (287 SE2d 603) (1981).

*Judgment affirmed. Carley and Benham, JJ., concur.*

## ON MOTION FOR REHEARING.

On motion for rehearing, the appellant's counsel asserts that he did in fact move for a severance of the charges but that the transcript of the hearing on the motion was not transmitted to this court. The record before us has been certified by the clerk of the trial court as complete, and neither the appellant's original brief and enumeration of errors nor his motion for rehearing contain any citations to the record or transcript which would, in compliance with Rule 15 (c) of this court, suggest that any record of a motion for severance exists. In the absence of such citations to the record or transcript, and in the absence of any motion to supplement the record in accordance with OCGA § 5-6-41 (f), the motion for rehearing is denied.

DECIDED JUNE 15, 1987 —
REHEARING DENIED JULY 7, 1987.

*Harry B. White*, for appellant.
*Darrell E. Wilson, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.