## A94A1756. BAKER v. THE STATE.
(448 SE2d 745)

BEASLEY, Presiding Judge.

Baker appeals from his conviction and sentence on charges of armed robbery, OCGA § 16-8-41, possession of a firearm by a convicted felon, OCGA § 16-11-131, and possession of a firearm during the commission of a crime, OCGA § 16-11-106.

1. In his first enumeration of error, Baker contends the court erred in not trying the possession of a firearm by a convicted felon separately from the other charges, arguing that the trial of all charges together informed the jury that he had a prior conviction, irreparably prejudicing the jury against him. He has not included a statement setting forth the method by which each of his enumerations of error was preserved for consideration by this court, as required by Court of Appeals Rule 15 (a) (1), but review of the record and transcript reveals that Baker made no motion to sever. In establishing the procedure which courts should follow to protect the rights of defendants such as Baker, the Supreme Court stated "the trial judge, on motion, shall . . . bifurcate the proceedings in such manner that the jury shall hear and determine first the more serious charge. . . ." *Head v. State*, 253 Ga. 429, 431-432 (3) (a) (322 SE2d 228) (1984). As Baker made no motion, the trial court was not obligated to sever.

Moreover, unlike *Head*, limiting instructions were given. This is coupled with the fact that in *Head* there was no corroboration of the victim's testimony and the evidence of the defendant's guilt could not be considered overwhelming. Id. at 430-431 (2). In this case, the victim testified that Baker had committed the act. This testimony was corroborated by another witness who heard a gunshot, saw the victim on the ground, saw Baker and two others walking away, and heard one of the others say "Man, whenever I get ready to hit somebody, you don't stop me." She knew Baker since his childhood and recognized two other men in the group, too. Both the witness and the victim identified defendant in a photographic array. The proof of a prior conviction did not place Baker's character in issue to such an extent as to affect the verdict on the armed robbery and firearm charges. See *Meredith v. State*, 211 Ga. App. 213, 214 (1) (438 SE2d 644) (1993); *Favors v. State*, 182 Ga. App. 179, 180 (1) (355 SE2d 109) (1987).

2. Baker also contends the court erred in failing to mask the indictment to eliminate any language indicating that he had a prior conviction. He makes no argument in support of this enumeration, does not show how it was preserved, and the only authority he cites, *Evans v. State*, 253 Ga. 331 (320 SE2d 168) (1984), is not supportive. In *Evans*, the defendant pled guilty to possession of a firearm by a convicted felon, went to trial on the charge of murder and was convicted; the only error asserted was allowing the full indictment to go

to the jury. The Supreme Court reversed, holding that "[o]nce the trial court accepted appellant's guilty plea to possession of a firearm by a convicted felon, thereby removing this issue from the jury's consideration, the proper course of action would have been to keep appellant's prior criminal record from the jury's knowledge while they deliberated the murder charge." Id. at 333.

In this case, as determined above, the charge of possession of a firearm by a convicted felon was not improperly included in the charges tried. There could be no error in allowing the indictment to go to the jury when it included one of the charges which the jury was required to resolve. In addition, Baker specifically stated he had no objection to the indictments on his prior convictions going to the jury, thus waiving the underlying basis for any objection. *Evans*, supra at 333.

3. In his final enumeration, Baker asserts the counts of possession of a firearm during the commission of a crime and armed robbery merge. Review of the record and transcript do not indicate that any such suggestion was ever made to the trial court, and Baker again does not show this court how error was preserved. He makes no argument and the only authority he cites does not concern merger as it relates to the offenses charged. The assertion he makes in this enumeration is contrary to the statute, OCGA § 16-11-106 (e) and has been decided against him in *Wiley v. State*, 250 Ga. 343, 351 (6) (296 SE2d 714) (1982).

*Judgment affirmed. Andrews and Johnson, JJ., concur.*

DECIDED SEPTEMBER 13, 1994.

*Michael K. Gardner,* for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney,* for appellee.