A97A0215. WESTER v. THE STATE.
(480 SE2d 921)

RUFFIN, Judge.

A jury found Undrell Wester guilty of misdemeanor obstruction of an officer, trafficking in cocaine, possession of a firearm during the commission of a felony, possession of a firearm by a convicted felon, possession of cocaine with intent to distribute, and possession of cocaine with intent to distribute within 1,000 feet of a public park.

Wester appeals his conviction, and we affirm in part and reverse in part.

The evidence, viewed in a light to support the verdict, shows the following. Members of the Albany Dougherty Drug Unit received information from a confidential informant that a white Cadillac with three or four passengers would be delivering a large quantity of rock cocaine to a house located in the 1400 block of Avalon Avenue. Surveillance was established at the location, and a car matching the informant's description arrived at the location. Officers Mitchum and Green pulled in behind the Cadillac and identified themselves as police officers. At this point, the three subjects "all took off running." Green, who knew Wester and identified him on sight as the driver, chased and apprehended Wester while Mitchum waited by the vehicle and ensured no one tampered with it.

A consensual search of the vehicle revealed approximately 45 grams of crack cocaine in yellow ziplock baggies and a .40 caliber handgun under the driver's seat.

1. In his first enumeration of error, Wester contends the trial court erred in admitting evidence of his prior convictions, without a limiting instruction, merely to substantiate the charge of possession of a firearm by a convicted felon. The record shows that the State tendered certified copies of guilty pleas entered by Wester to charges of aggravated assault, obstruction of an officer, and possession of a firearm during the commission of a crime to "meet the elements of possession of a firearm by a convicted felon." While Wester claims the trial court should have bifurcated trial of the convicted felon firearm charge from the remaining offenses or given the jury limiting instructions regarding his prior convictions, the record shows that Wester did not object to the admission of his prior convictions at trial or request a limiting instruction by the trial court. In addition, the record does not indicate that Wester ever requested a bifurcated trial. Absent any objection to the evidence or any request to bifurcate or give limiting instructions, we find no reversible error. *Prince v. State*, 264 Ga. 867, 868 (3) (452 SE2d 497) (1995); *Head v. State*, 262 Ga. 795, 797 (4) (426 SE2d 547) (1993); *Head v. State*, 253 Ga. 429, 431 (3) (322 SE2d 228) (1984).

2. In two enumerations of error, Wester argues the trial court erroneously placed his character in issue by (1) admitting past convictions without the defense having first elected to place his character in issue and (2) permitting the State to cross-examine Wester regarding the prior convictions. It should be noted that, contrary to Wester's argument, his prior convictions were not introduced as similar transactions, but as evidence to support the charge of possession of a firearm by a convicted felon, discussed in Division 1. The State has a right to introduce the prior convictions to establish a necessary

element of the crime charged. *State v. Santerfeit*, 163 Ga. App. 627 (295 SE2d 756) (1982). As the Court noted in *Santerfeit*, introduction of prior convictions under these circumstances does not place a defendant's character in issue: "It is more to the point to say that [Wester] by [his] alleged conduct put [his] own character in issue, and as we say, so be it." Id. at 629. Accordingly, we find no error.

Wester further alleges that the trial court erred in allowing the State to question him about his record. The only objection to this line of questioning at trial, however, was that the prosecutor was testifying. Accordingly, this issue was not properly preserved for appellate review. *Shropshire v. State*, 223 Ga. App. 118 (2) (476 SE2d 859) (1996).

3. The evidence was sufficient to support Wester's conviction for misdemeanor obstruction of an officer. Contrary to Wester's assertion that no verbal exchange occurred between him and the officers, the record shows that Wester fled from the officers after they identified themselves. " 'Under that evidence, the jury was authorized to infer that [Wester] knew that a police officer was attempting to perform his official duty . . . and to find that [Wester] deliberately took action to delay, hamper or impede the officer in the performance of his duty.' [Cit.]" *Sanders v. State*, 204 Ga. App. 545, 547 (1) (b) (419 SE2d 759) (1992). See also *Cline v. State*, 221 Ga. App. 175 (471 SE2d 24) (1996).

4. In his fourth enumeration of error, Wester contends the trial court erred in sentencing him for both trafficking in cocaine and possession of cocaine with intent to distribute since the latter is a lesser included offense of trafficking. The State concedes that the charge of possession with intent to distribute was a lesser included offense of trafficking as a matter of fact in this case. Thus, Wester should have been sentenced only for cocaine trafficking. See *Hancock v. State*, 210 Ga. App. 528, 532 (3) (c) (437 SE2d 610) (1993). Accordingly, Wester's conviction for possession of cocaine with intent to distribute is hereby reversed and the sentence vacated. *Iglesias v. State*, 191 Ga. App. 403 (1) (381 SE2d 604) (1989).

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 5, 1997.

*David E. Slemons*, for appellant.
*Britt R. Priddy, District Attorney, Tracia M. King, Assistant District Attorney*, for appellee.