A09A1233. ROBINS v. THE STATE.
(679 SE2d 92)

BLACKBURN, Presiding Judge.

Following a jury trial, Derrick Anthony Robins appeals his conviction on multiple counts of armed robbery, rape, and other offenses involving four different victims (two of whom were assaulted at the same time) on three separate dates. He challenges the sufficiency of the evidence and argues that the court erred in failing

---

to sever the three incidents from each other for trial. We hold that the eyewitness identification of Robins as well as the DNA evidence showing his sperm in two of the victims sufficed to sustain the verdict, and that nothing in the record shows that he moved to sever the three incidents from each other. Accordingly, we affirm.

When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*.[1] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*.[2]

So viewed, the evidence shows that in late November 1998 at around 9:00 p.m., a young married couple had just returned to their apartment from a Thanksgiving trip. As the husband was carrying luggage into the apartment, a man brandishing a gun followed the husband in. Pointing the gun at the husband, the man demanded money from the couple, both of whom gave the man all their currency. The gunman then demanded that they remove all their clothes, which they did, and that the wife perform oral sex on the husband. As she proceeded to comply, he forced the naked couple to move to the hallway of the apartment so as to be less visible to anyone outside the apartment. He then commanded the couple to engage in vaginal intercourse, which the wife declined to do because she was having her period. After rifling through the wife's purse, the gunman fled. At trial, both the husband and the wife identified Robins in court as the gunman.

Four days later, a single young woman was entering her automobile in the parking lot of an apartment complex (located about two miles from the couple's apartment), when a masked man placed a gun to her side and demanded money. She gave him $30, whereupon he put his hand down her pants and inserted his finger into her vagina. He then forced her to the back of the apartment building, where he coerced her into performing oral sex on him and raped her. After he fled, she called police, who took her to a hospital where swabs were taken from her vagina. Two later DNA analyses showed that Robins's sperm was on the swabs.

Three months later in March 1999, a second single young woman was asleep in her apartment (located very near the apartment complex of the first single young woman), when a man entered her apartment and placed a gun to her head, waking her. He

---

[1] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

demanded that she cover her eyes, which she did, and that she give him money. After requiring her to remove her clothes, he coerced her to perform oral sex on him and raped her. Once he left, she called police and was taken to a hospital, where swabs were taken from her vagina. Two later DNA analyses showed that Robins's sperm was on the swabs.

Robins was indicted on sixteen counts: one count of burglary[3] and two counts of armed robbery[4] involving the couple; one count each of armed robbery, aggravated assault,[5] aggravated sexual battery,[6] kidnapping,[7] aggravated sodomy,[8] and rape[9] involving the first woman; one count each of burglary, aggravated assault, aggravated sodomy, rape, kidnapping, and armed robbery involving the second woman; and one count of armed robbery involving a fourth victim. The latter two counts of armed robbery involving the second woman and the fourth victim were severed from the first fourteen counts. At trial, Robins did not dispute the events and crimes recounted by the victims but challenged the identity of him as the perpetrator. A jury found him guilty on all 14 counts. Following the denial of his motion for new trial, Robins appeals.

1. Robins challenges the sufficiency of the evidence with regard to the identification of him as the perpetrator of the described crimes. Both the husband and the wife identified him in court as the perpetrator of the crimes involving them, and two separate DNA analyses testified to by two forensic biologists showed that Robins's sperm was present in the vaginas of the other two female victims. Robins's attempts in his appellate brief to undermine this evidence as unreliable or incredible miss the point: on appeal, we do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. See *Davis v. State*.[10] The evidence here sufficed to establish Robins as the perpetrator of these crimes. See OCGA § 24-4-8 ("[t]he testimony of a single witness is generally sufficient to establish a fact").

2. In his other enumeration, Robins contends that "[t]he trial court erred in denying appellant's motion to sever the offenses." Specifically, Robins claims that each set of crimes involving a

---

[3] OCGA § 16-7-1 (a).
[4] OCGA § 16-8-41 (a).
[5] OCGA § 16-5-21 (a) (2).
[6] OCGA § 16-6-22.2 (b).
[7] OCGA § 16-5-40 (a).
[8] OCGA § 16-6-2 (a) (2).
[9] OCGA § 16-6-1 (a) (1).
[10] *Davis v. State*, 275 Ga. App. 714, 715 (1) (621 SE2d 818) (2005).

particular victim or set of victims should have been tried separately. However, Robins in his brief points to nowhere in the record where such a motion was made, and our careful review of the record and transcript yields no reference to any such motion. The only motion to sever referenced anywhere in the record was a passing mention on the first day of the trial, when the parties merely acknowledged without explanation that Counts 15 and 16, one of which involved the second single woman victim, had been severed pursuant to a previous motion. Nowhere in the record, which the trial court clerk certified as complete, is there any reference to an attempt by Robins to have the court sever the three sets of crimes from each other, or any reference to a court deliberation or ruling thereon.

"The right to a severance arises only upon appropriate motion." (Punctuation omitted.) *Ward v. State*.[11] See *Poteat v. State*.[12] "Absent a motion to sever, there was no error in trying together [the 14] counts of the indictment." *Holiday v. State*.[13] See *Baker v. State*[14] ("[a]s [defendant] made no motion, the trial court was not obligated to sever"); *Miller v. State*[15] ("the record does not reflect that the appellant ever moved for such a severance, either before or during the trial. Consequently, this enumeration of error presents nothing for review."). We discern no error.

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED MAY 20, 2009.

*Carl P. Greenberg*, for appellant.
*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Assistant District Attorney*, for appellee.

[11] *Ward v. State*, 254 Ga. 610, 610-611 (1) (331 SE2d 521) (1985).
[12] *Poteat v. State*, 251 Ga. 87, 90 (5) (303 SE2d 452) (1983).
[13] *Holiday v. State*, 258 Ga. 393, 396 (4) (369 SE2d 241) (1988).
[14] *Baker v. State*, 214 Ga. App. 640, 640 (1) (448 SE2d 745) (1994).
[15] *Miller v. State*, 183 Ga. App. 563, 563 (2) (359 SE2d 359) (1987).