## 58603. BUTTS v. THE STATE.

SOGNIER, Judge.

Butts was convicted in the Superior Court of Baldwin County of armed robbery. In Butts' first enumeration of error he contends the trial court erred by charging the jury that "the Courts have held that a cap pistol is a deadly weapon." This statement by the trial court requires reversal, thus a statement of the facts and discussion of other enumerations of error is not necessary.

After retiring for deliberation on a verdict, the jury asked the court under what circumstances a toy pistol would be considered an offensive weapon or a deadly weapon. The effect of the above quoted response was to take away from the jury the question of determining whether or not the toy pistol, as used, constituted a dangerous weapon and thus relieved the prosecution of the burden of proof in this regard. The case of *Pettiford v. State,* 235 Ga. 622 (221 SE2d 43) (1975), relied on by the

state, did not so hold, per se. A toy pistol can be an offensive or deadly weapon under certain circumstances but is not necessarily a deadly weapon. We cannot say that this error was harmless. Butts was charged with the offense of armed robbery "by use of a gun and a knife, the same being offensive weapons . . ." The burden was on the state to prove beyond a reasonable doubt that the gun used was an offensive weapon, as charged. The evidence established that the "gun" was a toy plastic pistol. The trial court's answer (quoted above) relieved the state of the burden of proof in this regard. A plea of not guilty is an expressed contention on the part of the accused antagonistic to every fact necessary to be proved by the state in order to establish his guilt, and unless the accused admits the particular fact such fact must be established by competent evidence. *Brown v. State,* 112 Ga. App. 634 (3) (145 SE2d 695) (1965), citing *Cooper v. State,* 2 Ga. App. 730 (1) (59 SE 20); see also *Duke v. State,* 43 Ga. App. 428 (158 SE 919); Code Ann. § 38-103.

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED OCTOBER 15, 1979 — DECIDED FEBRUARY 14, 1980.

*George M. Stembridge, Jr.,* for appellant.
*Joseph H. Briley, District Attorney, Sallie Rich Jocoy, Assistant District Attorney,* for appellee.