## 67636. HEAD v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction of armed robbery and possession of a firearm by a convicted felon. *Held:*

1. The general grounds are asserted.

The state's evidence showed that defendant, after soliciting a ride with the victim in his car, threatened the victim with a pistol and relieved him of several items of personal property. Three prior felony convictions were admitted to establish that defendant was a convicted felon for the possession of a firearm offense. Defendant presented no evidence and argues that the testimony of the victim who was the principal witness against him and identified him as the perpetrator, was uncorroborated and thus insufficient to support the verdict be-

yond a reasonable doubt.

Corroboration of the alleged victim witness is not required to prove the offenses involved here. The sole issue is the credibility of the witness.

Belatedly defendant also raises an issue which was not raised in the trial court, that the state's evidence did not establish that defendant was in possession of a firearm. The victim testified that defendant had a pistol and threatened him with it. It is now argued that the pistol may have been a replica or a toy, which would not be sufficient to support a conviction for possession of a firearm by a convicted felon. While we agree that the OCGA § 16-11-131 definition of a firearm does not include toys or nonfunctional replicas, whether the pistol was a firearm was a matter to be determined by the jury. There being no evidence that the pistol was not a firearm, the evidence was sufficient to support the jury's finding that it was such beyond a reasonable doubt. Compare, *Butts v. State*, 153 Ga. App. 464 (265 SE2d 370); *Fann v. State*, 153 Ga. App. 634 (266 SE2d 307).

Where the general grounds are asserted, "the only question presenting itself to the appellate court is whether there is sufficient evidence to support the verdict. [Cit.] It is the function of the jury, not the appellate court, to determine the credibility of witnesses and weigh any conflicts in the evidence. The appellate court views the evidence in a light most favorable to the jury's verdict . . . [Cits.]" *Laws v. State*, 153 Ga. App. 166 (1) (264 SE2d 700).

The evidence was sufficient to authorize a rational jury to find defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Defendant contends that the trial court erred in refusing to sever the two counts because the only purpose in joining the counts was to bolster the evidence of the robbery and to place his character in issue.

Although proof of a prior felony conviction is necessary to establish possession of a firearm by a convicted felon and does also place the defendant's character in issue, it has been decided that such joinder does not impermissibly place character in issue. *Adkins v. State*, 164 Ga. App. 273 (1) (297 SE2d 47). Compare, *State v. Santerfeit*, 163 Ga. App. 627 (295 SE2d 756).

3. Defendant contends that proof of the three alleged prior felony convictions to establish that he was a convicted felon was cumulative, unnecessary and prejudicial. The allegations of the indictment were not contested.

"Evidence of prior felony convictions may be admitted in those cases where the prior felony convictions are alleged in the indictment, as provided by law." OCGA § 24-9-20.

OCGA § 16-11-131, possession of a firearm by a convicted felon,

is not a recidivist statute but has in common with such statutes the requirement that the convictions be alleged in the indictment and proved to establish the offense. *Aldridge v. State*, 158 Ga. App. 719 (4) (282 SE2d 189); *King v. State*, 169 Ga. App. 444 (313 SE2d 144) (1984).

OCGA § 16-11-131 does not limit the number of prior felony convictions that may be considered to establish the offense.

In a recidivist case it has been held that the state is not limited to alleging and proving only one prior conviction. "[I]t may allege and prove as many as have in fact occurred . . ." *Law v. State*, 121 Ga. App. 106 (6), 109 (173 SE2d 98).

*Sheffield v. State*, 163 Ga. App. 533 (295 SE2d 336), and *Grant v. State*, 163 Ga. App. 775 (296 SE2d 110), affirmed convictions under OCGA § 16-11-131 where respectively 7 and 2 prior felony convictions were admitted to establish convicted felon status.

We find no error in admitting the three prior felony convictions. Compare, *Biggers v. State*, 162 Ga. App. 163 (3) (290 SE2d 159).

*Judgment affirmed. Birdsong and Carley, JJ., concur.*

DECIDED FEBRUARY 27, 1984 —
REHEARING DENIED MARCH 16, 1984 —

*Carl P. Greenberg*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Harvey W. Moskowitz, Assistant District Attorneys*, for appellee.