## 71568. BENTLEY v. THE STATE.
(342 SE2d 25)

BENHAM, Judge.

Appellant was convicted of kidnapping and brings this appeal, contending reversible error was committed when the State allegedly violated the precepts of *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).

The victim, a 15-year-old girl, identified appellant as the man who grabbed her after she had exited her apartment and pulled her up some steps and along a sidewalk. Another female tenant of the apartment complex identified appellant as the man whom she had observed acting suspiciously in the complex the same morning the victim was accosted. This witness informed the police that the suspicious man (the description she gave police of the man matched that given by the victim) was driving a yellowish-green, four-door sedan, possibly a Maverick or Comet, with license tag number "FXO 176." The investigating officer testified that he discovered that "FXO 176" was a two-door Vega. Further investigation revealed "FXO 156" as a yellow-green, four-door Maverick. Appellant, the registered owner of the Maverick, fit the physical description the victim had given of her assailant, and both the victim and the woman who had reported appellant's suspicious behavior chose appellant's photograph from a photo spread as depicting the man in question. The officer's testimony regarding the inaccurate tag number was admitted at trial without objection.

In response to appellant's nonspecific pre-trial motion for discovery of exculpatory material under *Brady*, supra, the trial court examined the State's file and found that "it contains no exculpatory or potentially exculpatory material." At the hearing on post-trial motions, however, the trial court confirmed that it had been the court's intention to release the auto tag discrepancy. Appellant asserted at that hearing and now on appeal that the failure to disclose the inaccurate tag report prior to trial was reversible error in that the discrepancy was "of critical importance to the defense" and prevented appellant from impeaching the witness who made the inaccurate report to the police.

" 'Brady does not require *pre-trial* disclosure of the materials.' [Cit.]" *Castell v. State*, 250 Ga. 776 (2b) (301 SE2d 234) (1983). "*Brady* itself is not violated when *Brady* material is withheld from the defendant prior to trial and introduced by the State at trial. [Cits.]" *Chambers v. State*, 250 Ga. 856, 860 (302 SE2d 86) (1983). "The *Brady* rule 'involves the discovery, *after trial*, of information which had been known to the prosecution but unknown to the defense.' [Cit.]" *Ross v. State*, 254 Ga. 22 (4c) (326 SE2d 194) (1985). "Although [appellant] speaks of a failure to disclose, in fact, the [dis-

crepancy] was disclosed, albeit only after the trial commenced. [Cit.] Thus, 'the appropriate standard to be applied here is whether the disclosure came so late as to prevent the defendant from receiving a fair trial.' [Cit.]" *Parks v. State*, 254 Ga. 403 (3) (330 SE2d 686) (1985).

The timing of the disclosure of the information regarding the inaccurate tag report did not deprive appellant of a fair trial. The tag number was not the linchpin of the State's case. Rather, the State relied on the victim's positive identification of appellant as her assailant, as well as the other woman's identification of appellant as the suspicious man, and her identification of appellant's car as that of the same man. Appellant argues that earlier disclosure of the material would have led him to new witnesses and evidence to support his defense. However, none of these witnesses was among those appellant called at the hearing on his post-trial motions. Appellant "has offered no more than speculation . . . that such witnesses *might* have been discovered." *Parks v. State*, supra at 407-408. Appellant also maintains that he could have used the information to impeach the State's witness who had reported the tag number. She testified that she "tried to remember the tag number" as she watched appellant drive away. Through his testimony, the investigating officer put before the jury the fact that the witness had inaccurately seen or recalled the tag number. Thus, the witness' fallibility was placed before the jury. She proved accurate, however, in her description of the physical characteristics of both the suspicious man and his vehicle. Even if the witness had been thoroughly impeached, the victim of the kidnapping was positive in her identification of appellant. The in-trial disclosure of the information did not interfere with appellant's right to receive a fair trial.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 3, 1986.

*Roland R. Castellanos, Robert W. Shurtz*, for appellant.
*Thomas J. Charron, District Attorney, Nancy I. Jordan, Assistant District Attorney*, for appellee.