## 74162. JOLLY v. THE STATE.
(358 SE2d 912)

BENHAM, Judge.

Appellant was indicted, in two indictments, for six counts of vio-

lating the Georgia Controlled Substances Act and for possession of a firearm by a convicted felon.

1. We find no error in the denial of appellant's motion to suppress the evidence seized in a search of his car. The officer who conducted the search testified at the hearing on appellant's motion to suppress that appellant gave his consent to a search of the passenger compartment of the car and that the search of the trunk was for the purpose of an inventory of contents after appellant had fled from the scene and the officer had been directed to impound the car.

We need not discuss appellant's contention that there was no probable cause for the search of his car. A valid consent to search eliminates the need to prove probable cause for a search. *Wilson v. State*, 179 Ga. App. 780 (1) (347 SE2d 709) (1986). An inventory search of a car which has been impounded is authorized for the purpose of protection of the property while in custody, protection of the police from potential dangers, and protection of the police from claims of lost or stolen property. *State v. Gilchrist*, 174 Ga. App. 499 (1) (330 SE2d 430) (1985). Here, the police officer who searched appellant's car swore that appellant gave consent for the search of the passenger compartment and that he was directed to have the car impounded from a parking lot after appellant had fled. "The trial court's decision on questions of fact and credibility at a suppression hearing must be accepted unless clearly erroneous. [Cits.]" *Wilson v. State*, supra. We do not find the trial court's decision to be clearly erroneous.

2. Prior to trial, appellant requested a copy of documents relating to a complaint made by a detective against the officer who searched appellant's car. The detective asserted that he had been told by a confidential informant that a briefcase the confidential informant left in the car had a much greater quantity of drugs and money than did the briefcase the officer asserted was recovered from appellant's car. At trial, the prosecuting attorney cross-examined the detective regarding his complaint, and used the document to refresh the witness' memory. Appellant contends on appeal that the withholding of those documents by the State, and the trial court's refusal to order them produced after an in-camera inspection, requires reversal of his conviction. We disagree.

"The defendant has the burden of showing that the evidence withheld 'so impaired his defense that he was denied a fair trial within the meaning of the *Brady* rule.' [Cits.]" *Williams v. State*, 178 Ga. App. 581 (3) (344 SE2d 247) (1986). Our review of the record does not convince us that appellant has or could make such a showing. The witness was interrogated concerning the statements he made regarding the informant's allegations and was permitted to make the accusations against the searching officer which appellant asserts would have

been available to him if the document had been produced as he requested. We find appellant's argument that disclosure of the documents prior to trial would have required that the charges against appellant be dismissed to be without merit. The documents did contain allegations of theft of evidence and other police misconduct, but those allegations, which were all hearsay, were contradicted by the testimony of the searching officer. In addition, the detective's credibility was significantly undermined by his admission on cross-examination that the informant, a woman who was involved with drug trafficking and had close ties to appellant and his family, had been living with him since a time shortly after the events here but before the detective made the statement accusing the searching officer of theft, and by the detective's admission that, pursuant to his live-in informant's request, he had posted a $42,000 bond for appellant's brother when he was arrested on a narcotics charge in another county. Furthermore, appellant had access to the documents at trial and the facts contained therein were or could have been brought out at that time. See *Bentley v. State*, 178 Ga. App. 90 (342 SE2d 25) (1986). Under all those circumstances, we hold that appellant has not shown a deprivation of a fair trial such as would require reversal of his conviction.

3. Appellant asserts on appeal that he should have been granted a directed verdict on the possession of a firearm by a convicted felon count because the State did not introduce into evidence the actual guns found in his car or testimony that they were capable of firing projectiles. See OCGA § 16-11-131. While appellant is correct about the lack of testimony specifically asserting that the guns found in his car were capable of firing projectiles, we note that the police officer who found the guns testified that they were pistols, not that they appeared to be pistols. There was, in fact, no evidence introduced to refute the officer's testimony. Thus, the jury was authorized to find that the guns were actual working firearms and to convict appellant on that count. *Head v. State*, 170 Ga. App. 324 (1) (316 SE2d 791) (1984); rev'd on other grounds, 253 Ga. 429 (322 SE2d 228) (1984).

4. In appellant's final enumeration of error, he contends that the trial court erred in permitting the State to cross-examine the detective mentioned in Division 2, supra, on the issue of his conduct in putting up a bond for appellant's brother. "The state of a witness's feelings towards the parties and his relationship to them may always be proved for the consideration of the jury." OCGA § 24-9-68. "As a general rule, and particularly when the evidence is conflicting, a party may show any fact or circumstance that might affect the credit of an opposing witness. [Cit.] 'And on cross-examination it is always permissible to sift the motives of the witness and to show, if possible, any reason other than a purpose to tell the truth which may consciously or unconsciously actuate him in his testimony.' [Cits.]" *Arnold v.*

*State*, 163 Ga. App. 10 (4) (293 SE2d 501) (1982). We find no error in the admission of the testimony of which appellant complains.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED JUNE 18, 1987.

*William D. Smith*, for appellant.

*Lewis R. Slaton, District Attorney, Chris Jensen, H. Allen Moye, Assistant District Attorneys*, for appellee.