46188. JACKSON v. THE STATE.
(375 SE2d 454)

HUNT, Justice.

Tony Curtis Jackson was found guilty of the murder of his former wife, Teresa Lynn Jackson, and sentenced to life imprisonment.[1] He appeals, enumerating as error, *inter alia,* the sufficiency of the evidence, the trial court's restriction of his cross-examination of two witnesses, the admission of certain testimony, and the trial court's denial of his request for change of venue.

The jury was authorized to find as follows. The defendant continued to live with the victim after their divorce in 1980 until January 1985, when she moved into another home with their daughter and the victim's boyfriend, McDonald. The defendant and the victim had a son who stayed with the defendant. The victim usually picked up the son in the morning and took both children to school, then returned to take her boyfriend to work. On the morning of February 14, 1985, the victim's car was observed in the defendant's driveway, but she was not seen alive after that morning. A witness saw the car later that morning off a dirt road when a man wearing aviator sunglasses of the type the defendant regularly wore got in it and drove off. Shortly thereafter, the witness noticed a shovel where the car had been. The shovel matched the description of one later found in the defendant's backyard. The victim's car was discovered in the afternoon of February 14, abandoned in a hospital parking lot, and her body was discovered about a week later in a wooded area nearby. The victim died as a result of strangulation following a beating. On the morning of the murder, the defendant visited his half-brother and appeared upset and nervous. He told his brother he had done something he regretted. A witness testified the defendant frequently argued with the victim about her dating McDonald.

---

[1] The murder was committed on February 14, 1985. In *Jackson v. State,* 256 Ga. 536 (350 SE2d 428) (1986), this court reversed the defendant's prior conviction on evidentiary grounds. The case was retried on April 13 through 16, 1987. The defendant's motion for new trial was denied on July 18, 1988, and his notice of appeal was filed on August 15, 1988. The record was docketed in this court on September 2, 1988, and the case was argued on November 14, 1988.

1. Based on the foregoing evidence, we conclude that a rational trier of fact could have found the defendant guilty of the crime of which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The trial court did not err by denying the defendant's motion for a directed verdict. *Stanley v. State*, 254 Ga. 376 (329 SE2d 500) (1985).

2. In his third and fifth enumerations, the defendant contends the trial court erred by restricting his cross-examination of two witnesses. The testimony sought by the defendant on cross-examination was irrelevant in the first instance and cumulative in the second, and we find no abuse of discretion by the trial court. *White v. State*, 253 Ga. 106, 110 (317 SE2d 196) (1984).

3. In his fourth enumeration, the defendant contends the trial court erred by admitting the testimony of a witness, Potter. Prior to the first trial, the defendant's half-brother, Alvin Jackson, told Potter the defendant had told him he (the defendant) had done something he wished he had not done. At the first trial, Alvin Jackson denied having made that statement to Potter. The state was permitted to call Potter to testify about Alvin Jackson's prior inconsistent statement. On retrial, the state again was allowed to question Potter about Alvin Jackson's prior inconsistent statement. Potter first testified he had not heard Alvin Jackson make the statement. Thereafter, out of the presence of the jury, defense counsel, the prosecutor, and the court questioned Potter and the state showed Potter had been threatened if he testified against the defendant. On further direct examination, Potter testified as he had at the first trial.

The defendant contends the testimony of Potter was inadmissible as "double hearsay." Potter's testimony regarding Alvin Jackson's prior inconsistent statement was admissible both for impeachment and as substantive evidence that Alvin Jackson made that statement. *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982). Contrary to the defendant's further argument, the questioning of Potter by the judge and prosecutor outside the jury's presence was proper and Potter's testimony following that questioning was not inadmissible on that ground.

4. The defendant contends the trial court erred by denying his motion for change of venue, made because of widespread media coverage of his first trial.

Defendant's first trial preceded the second by approximately 20 months. While there was publicity surrounding the first trial, there is no evidence the case was extensively publicized thereafter, nor was there a showing of such extensive publicity that would give rise to a presumption of prejudice. See *Frazier v. State*, 257 Ga. 690, 695 (11) (362 SE2d 351) (1987). The trial court, after examining the evidence of pre-trial publicity, afforded counsel individual sequestered voir

dire and agreed to give counsel "wide leeway" in asking questions and to excuse for cause any person who was "suspect at all." The defendant has not shown inherent prejudice as a result of pre-trial publicity or widespread community fear and bias, nor has he shown actual prejudice in the jury selection process. See *Chancey v. State*, 256 Ga. 415, 430 (5) (349 SE2d 717) (1986). The trial court did not abuse its discretion in denying the defendant's motion for change of venue.

5. In his seventh and eighth enumerations, the defendant challenges portions of the trial court's charge to the jury. He argues first that the trial court's charge on the use of prior inconsistent statements was erroneous and, second, that the trial court impermissibly shifted the burden of proof on malice and intent. However, the defendant did not except to these charges in response to the trial court's inquiry and did not reserve the right later to object, and, therefore, has waived his right to assert these errors on appeal. *Cameron v. State*, 256 Ga. 225, 226 (2) (345 SE2d 575) (1986).

6. In his final enumerations, the defendant contends the state failed to prove, and the trial court erred by finding, venue in Sumter County. The defendant acknowledges his argument is decided adversely to him in *Felker v. State*, 252 Ga. 351, 367-68 (2) (314 SE2d 621) (1984), construing OCGA § 17-2-2 (h), but asks this court to reconsider that case, which we decline to do. We find no merit to the defendant's argument that the state failed to prove venue in Sumter County.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 19, 1989.

*Wayman E. Cannington, Jr.*, for appellant.

*John R. Parks*, District Attorney, *Michael J. Bowers*, Attorney General, *Paula K. Smith*, Assistant Attorney General, for appellee.