S89A0223, S89A0225. WARE v. THE STATE (two cases).

(388 SE2d 700)

BELL, Justice.

Johnny Ware and his brother, Parnell Ware, appeal their convictions for the murder of Paul Alexander.[1] We affirm.

The evidence, when viewed most favorably to the prosecution, shows that Johnny Ware made an unsuccessful attempt to sell cocaine to the victim. The victim ran away with the cocaine, but Johnny Ware caught the victim and beat him. They were joined by Parnell Ware, who had been summoned by Johnny Ware. Parnell Ware shot the victim twice in the abdomen, with a pistol. The appellants recovered the cocaine, and ran from the scene of the shooting. The victim was later taken to a hospital, where he died from his gunshot wounds.

### S89A0223. Johnny Ware

1. Johnny Ware was convicted of both malice murder and felony murder.[2] Appellant contends that the evidence of the offenses was insufficient to meet the standard of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and that the trial court therefore erred by not granting a directed verdict on both offenses.

We disagree, as we conclude that a rational trier of fact could have found appellant guilty of malice murder and felony murder beyond a reasonable doubt. Id. The trial court ruled correctly in denying a directed verdict. *Jackson v. State,* 258 Ga. 810 (1) (375 SE2d

---

[1] The murder occurred on September 22, 1988. Appellants were indicted by the grand jury for the January 1989 term of Carroll Superior Court. The indictment charged both appellants with malice murder and felony murder, with distribution of cocaine as the underlying felony for felony murder. On January 24, 1989, a jury found Johnny Ware guilty on both charges, and found Parnell Ware guilty of malice murder, but not guilty of felony murder. On that same day, the trial court sentenced each appellant to serve a term of life imprisonment.

On February 14, 1989, Johnny Ware moved for a new trial, and on February 20, 1989, Parnell Ware moved for a new trial. The court reporter certified the pre-trial and trial transcripts on March 1, 1989. The court denied appellants' motions for new trial with an order dated May 9, 1989, and filed May 19, 1989. On May 17, 1989, Parnell Ware filed his notice of appeal, and on May 18, 1989, Johnny Ware filed his notice of appeal. The clerk of superior court certified the records on June 24, 1989, and the clerk of this Court docketed both appeals on July 6, 1989. The appeals were scheduled to be orally argued on September 14, 1989, but were subsequently submitted for decision on briefs.

[2] The trial court correctly sentenced Johnny Ware to just one life sentence. See *Smith v. State,* 258 Ga. 181 (2) (366 SE2d 763) (1988).

454) (1989).

2. Appellant's enumeration that the court erred in allowing the jury to consider the evidence of malice murder and felony murder during the same trial is without merit.

### S89A0225. Parnell Ware

3. Parnell Ware was convicted of malice murder. He asserts that the evidence of the crime was insufficient to meet the test of *Jackson v. Virginia*, supra, 443 U. S., and that the trial court erred by failing to grant a directed verdict on the charge.

However, we conclude that the evidence would authorize a rational trier of fact to find appellant guilty of malice murder beyond a reasonable doubt. Id. There was no error in denying a directed verdict. *Jackson v. State*, supra, 258 Ga.

4. Parnell Ware was acquitted of felony murder. Nevertheless, he contends that the evidence of this charge was insufficient to meet the *Jackson v. Virginia* standard, and that the trial court erred by not granting a directed verdict concerning the charge.

This enumeration has no merit, because the question of the sufficiency of the evidence to convict appellant of felony murder was mooted when the jury acquitted him on that charge.

5. Appellant's argument that it was error to allow the jury to consider the evidence of both felony murder and malice murder is without merit.

*Judgments affirmed. All the Justices concur.*

DECIDED MARCH 1, 1990.

*Word & Flinn, Gerald P. Word, Wiggins & Camp, Phil D. Wilkins,* for appellants.

*William G. Hamrick, Jr., District Attorney, Peter J. Skandalakis, Agnes T. McCabe, Assistant District Attorneys, Michael J. Bowers, Attorney General, Richard C. Litwin,* for appellee.