A90A1244. REINHARDT v. THE STATE.
(399 SE2d 729)

POPE, Judge.
Defendant Jerry Reinhardt was found guilty of trafficking in cocaine, and appeals.

Construed so as to support the verdict, the evidence shows that defendant rented the van in which the contraband was found and paid a friend, Felipe Lopez-Mejia, $2,000 to drive from Ft. Lauderdale, Florida, to an area near Chicago. Mejia, who denied any knowledge of the cocaine found in the van, initially stated to Trooper Ralston, the arresting officer, that he was driving to Indiana to purchase some restaurant equipment. At trial Mejia testified he was traveling to Chicago to pick up defendant's car. Defendant also testified at trial that Mejia was en route to Chicago to pick up his car, which defendant was forced to leave for repairs on an earlier trip. According to Mejia, approximately one month earlier defendant had paid him $1,500 to drive to Merrillville, Indiana, which is close to the Chicago area, to pick up some legal documents for him. Mejia stated that on each trip his instructions were to call defendant shortly before he reached his destination and defendant would give him further instructions. Mejia testified that on the first trip he was instructed to leave the car in a parking lot with the key in an accessible place and the papers would be placed in the trunk of the car.

After he was apprehended in Georgia, Mejia agreed to cooperate with law enforcement officials by allowing them to tape record telephone conversations between himself and the defendant. Mejia did not disclose to defendant that cocaine had been discovered in the van and defendant thought Mejia had been arrested solely on the basis that he was driving with a suspended license. During the course of these conversations, defendant asked Mejia if he had lost his head after being stopped, if he had talked to law enforcement officials, if he was calm (and admonished him to stay that way), and, repeatedly, if everything was okay. When asked at trial to explain his statement on one of the tapes that "stuff" in the van was "well hidden," defendant responded he "didn't know what [Mejia] was talking about, whatever it was he was talking about, my thoughts were that it was well-hidden, because I didn't see it."

1. Defendant first argues that pursuant to the holding in *Sabel v. State*, 248 Ga. 10 (6) (282 SE2d 61) (1981), cert. denied, 454 U. S. 973 (1981), the trial court erred in denying his motion to conduct an independent examination and inspection of the tape recordings of the telephone conversations between defendant and Mejia. We find no error. Although it is true that defendant is entitled to have an independent expert examine evidence which is both critical to conviction and subject to varying expert opinion, see *Sabel*, supra, pretermitting the question of the "critical" nature of the evidence here, we find no basis for concluding that the evidence in question was in fact subject to varying expert opinion. Relying on *Carpenter v. State*, 167 Ga. App. 634 (1) (307 SE2d 19) (1983), aff'd, 252 Ga. 79 (310 SE2d 912) (1984) defendant argues that all tape recordings and their authenticity are

subject to varying expert opinion. However, in that case evidence was presented challenging the authenticity of the tapes on the basis that the tapes may have been the subject of tampering. In the case at bar defendant, who was present at trial and testified after the tapes had been played for the jury, does not suggest that the tapes were tampered with but argues instead that his expert should be allowed to examine the tapes to ascertain whether a "mechanical flaw" in the recording equipment, which prevented the first telephone conversation from being recorded, affected subsequent recordings. However, the agent in charge of recording the conversations testified the first telephone conversation was not recorded because the "suction cup to the recorder [was accidentally unplugged]." Hence defendant's contention that there was a mechanical flaw in the recording equipment which may have affected subsequent recordings is not supported by the record. Consequently, defendant has failed to show how the tapes in question could be subject to varying expert opinion and the trial court did not err in denying his motion for an independent expert examination of the tape recordings. See *Sims v. State*, 251 Ga. 877 (4c) (311 SE2d 161) (1984).

2. Defendant next contends he was denied his right to a fair trial because of the untimely disclosure of the tape recordings and the file of GBI Agent Robinson, one of the investigating officers who testified at trial. " '(T)he [defendant] has the burden of showing he was denied material exculpatory information such that he was denied a fair trial.' [Cit.]" *Williams v. State*, 251 Ga. 749, 789 (312 SE2d 40) (1983). Here the complained of materials were provided to defendant at trial; however, defendant has not shown that these materials contained information which was, in fact, exculpatory. See *Williams v. State*, 178 Ga. App. 581, 586 (3) (344 SE2d 247) (1986). Moreover, because defendant was provided with the tapes and file at trial, "the appropriate standard to be applied here is whether the disclosure came so late as to prevent the defendant from receiving a fair trial." (Citations and punctuation omitted.) *Parks v. State*, 254 Ga. 403, 407 (3) (330 SE2d 686) (1985). Except for the vague assertion that he could have presented a better defense, defendant has failed to show any prejudice resulting from the failure to disclose the materials prior to trial. Consequently, this enumeration affords no basis for reversal. See *Masters v. State*, 186 Ga. App. 795 (5) (368 SE2d 557) (1988); *Bentley v. State*, 178 Ga. App. 90 (342 SE2d 25) (1986).

3. Defendant argues the trial court erred in denying his motion to suppress on the basis that he had no standing to challenge the search of the van in which the contraband was found. The van in question was leased to defendant, but at the time of the search he had relinquished actual possession and control of the van to a third party (Mejia), who consented to the search. "Where the owner [or lessee] of

an automobile relinquishes actual possession to a third party, the owner [or lessee] thereby abandons any expectation of privacy in the automobile, and he therefore lacks standing to contest the legality of the search and seizure of the vehicle. See *United States v. Nunn*, 525 F2d 958, 959 (5th Cir. 1976). See also *United States v. Dyar*, 574 F2d 1385, 1390 (6) (5th Cir. 1978), cert. denied, 439 U. S. 982 (99 SC 570, 58 LE2d 653) (1978). Accordingly, the trial court correctly denied [defendant's] motion to suppress." *Prothro v. State*, 186 Ga. App. 836, 838 (3) (368 SE2d 793) (1988).

4. In three related enumerations of error, defendant contends the unresponsive answer of Agent Robinson to a question posed by defense counsel on cross-examination concerning whether she "assumed [defendant] was a drug trafficker" improperly placed defendant's character in issue, and hence the trial court should have granted his motion for mistrial. First we note that defendant, who argued at trial that he was "prejudiced" by the witness' response, did not object to the testimony on the basis now asserted on appeal. "It is well settled that a reason urged by enumeration of error on appeal which is different from that urged below will not be considered for the first time on appeal." (Citations and punctuation omitted.) *Iglesias v. State*, 191 Ga. App. 403, 404 (381 SE2d 604) (1989). Moreover the trial transcript further shows the response, which was elicited in response to defense counsel's questioning of the witness, was the result of a thorough and argumentative cross-examination. Lastly, the record also shows the trial court granted defendant's request that limiting instructions be given to the jury. We hold, therefore, that defendant has no basis to challenge the admission of the complained of testimony. See *Buxton v. State*, 253 Ga. 137 (3) (317 SE2d 538) (1984); *Kilgore v. State*, 251 Ga. 291, 295 (2a) (305 SE2d 82) (1983).

5. Contrary to defendant's contention on appeal, the trial court's instruction to the jury on the law of conspiracy was proper. See, e.g., *Spencer v. State*, 180 Ga. App. 498 (4) (349 SE2d 513) (1986).

6. Defendant posits that the trial court erred in replaying one but not all of the tape recordings of the telephone conversations between defendant and Mejia upon specific request by the jury. The transcript shows, however, that at trial defendant objected to the jury's request for a portion of the tape to be replayed, and the trial court agreed that the entire tape should be played. Defendant did not raise the objection now asserted on appeal, to wit, that all of the tapes should be replayed to the jury, and thus cannot be heard to complain on this basis. See, e.g., *Shortes v. State*, 193 Ga. App. 859, 860 (2) (389 SE2d 354) (1989).

7. Defendant enumerates as error the fact that he was tried on an indictment which referred to his use of an alias. In support of this enumeration defendant argues that because the only evidence at trial

showing the use of an alias was inadmissible hearsay, the alias should have been expunged from the indictment. Again, however, the record reflects that defendant did not move to quash the indictment or move that the alias be expunged from the indictment as he now argues on appeal. Consequently, this enumeration affords no basis for reversal.

8. Contrary to defendant's final contention on appeal, we hold that the evidence adduced at trial was sufficient to enable a rational trier of fact to find defendant guilty beyond a reasonable doubt of trafficking in cocaine. See *Jackson v. State*, 258 Ga. 810 (1) (375 SE2d 454) (1989); *Ragin v. State*, 192 Ga. App. 686 (1) (385 SE2d 770) (1989).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED DECEMBER 3, 1990.

*T. Joseph Campbell,* for appellant.
*Darrell E. Wilson, District Attorney, M. Suzanne Hayes, Sharon A. Moyer, Assistant District Attorneys,* for appellee.