A94A1933. FIELDS v. THE STATE.
(453 SE2d 794)

McMURRAY, Presiding Judge.

Defendant was charged in a 15-count indictment for crimes stemming from a series of forcible abductions and sexual assaults in Richmond County, Georgia. The evidence adduced at a jury trial reveals that defendant sexually assaulted four young women during separate abductions that occurred between April 7, 1991, and July 19, 1991. The four victims identified defendant at trial as the perpetrator of the abductions, each woman giving a detailed account of how defendant used a gun to force sexual intercourse. Investigator Andrew Bolton of the Richmond County Sheriff's Department offered proof of the weapon defendant used during the abductions, testifying that he arrested defendant three days after the last abduction and that he then seized a weapon which is described as a ".177 caliber Marksman Repeater B-B pistol . . ." from the floorboard of defendant's car.

Defendant was found guilty of three counts of kidnapping (Counts 1, 8 and 13), one count of kidnapping with bodily injury (Count 4), four counts of rape (Counts 2, 5, 10 and 14) and four counts of possession of a firearm while committing these felonies in violation of OCGA § 16-11-106 (b) (Counts 3, 7, 12 and 15). This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant first contends the evidence is insufficient to sustain his convictions under Counts 3, 7, 12 and 15 of the indictment for possession of a firearm during commission of felonies, arguing that the State proved only that he was in possession of a ".177 caliber Marksman Repeater B-B pistol . . ." during the abductions and that this weapon is not a firearm within the meaning of OCGA § 16-11-106. In opposition, the State discounts evidence of defendant's possession or use of the ".177 caliber Marksman Repeater B-B pistol . . ." (pointing out that only one victim positively identified this

weapon as the gun possessed by defendant) and argues the testimony of all four victims that defendant "wielded a pistol when attacking them . . ." is sufficient to authorize defendant's convictions on all four counts for unlawful possession of a firearm in violation of OCGA § 16-11-106 (b). The State cites *Head v. State*, 170 Ga. App. 324 (1) (316 SE2d 791), reversed on other grounds at 253 Ga. 429 (322 SE2d 228), in support of this argument, apparently reasoning that specific proof of the type weapon possessed by an accused is unnecessary to sustain a conviction for unlawful possession of a firearm when a victim testifies that the accused possessed an object which appears to be within the class of weapons prohibited by an unlawful firearms possession statute.

In *Head v. State*, 170 Ga. App. 324 (1), supra, the defendant challenged the sufficiency of the evidence as to his conviction for possession of a firearm by a convicted felon, pointing out that the State failed to prove the "pistol" he possessed was a firearm within the meaning of OCGA § 16-11-131 (a) (2). The defendant argued that the "pistol" the victim observed in his possession may have been a replica or a toy and correctly pointed out that possession of a replica or a toy is insufficient to support a conviction for possession of a firearm under OCGA § 16-11-131. See *Wilson v. State*, 207 Ga. App. 528, 529 (2), 530 (428 SE2d 433). This court rejected defendant's argument, finding that "[t]here being no evidence that the pistol was not a firearm, the evidence was sufficient to support the jury's finding that it was such beyond a reasonable doubt." *Head v. State*, 170 Ga. App. 324 (1), 325, supra. The same logic was employed in *Jolly v. State*, 183 Ga. App. 370 (358 SE2d 912), to sustain a conviction for unlawful possession of a firearm under OCGA § 16-11-131. This court then reasoned as follows: "While appellant is correct about the lack of testimony specifically asserting that the guns found in his car were capable of firing projectiles, we note that the police officer who found the guns testified that they were pistols, not that they appeared to be pistols. There was, in fact, no evidence introduced to refute the officer's testimony. Thus, the jury was authorized to find that the guns were actual working firearms and to convict appellant on that count. *Head v. State*, 170 Ga. App. 324 (1)[, supra]." *Jolly v. State*, 183 Ga. App. 370, 372 (3), supra. In the case sub judice, the jury would not have been authorized to draw such a conclusion from the victims' description of the "gun" defendant possessed during the abductions as there is proof that the weapon defendant possessed during the abductions is not a firearm within the meaning of OCGA § 16-11-106.

At trial, Investigator Patrick Young of the Richmond County Sheriff's Department identified the weapon found in defendant's car as a "Marksman repeater pellet pistol" and demonstrated how this weapon "goes off" when a "trigger" is pulled, releasing a "slide"

mechanism which is manually pulled and engaged. This weapon is also described (in an exhibit identification sheet) as a ".177 caliber Marksman Repeater B-B pistol . . ." and is referred to by defendant as a "pellet gun." There is no proof that defendant possessed any other weapon during the abductions and, contrary to the State's contentions, there is varying proof (both direct and circumstantial) that the weapon described as a ".177 caliber Marksman Repeater B-B pistol . . ." is the weapon defendant possessed during all four abductions.[1] Under these circumstances, it is apparent defendant's contention as to the sufficiency of the evidence as to his convictions for unlawful possession of a firearm depends entirely upon a legal question (rather than a question of fact) regarding whether a "Marksman repeater pellet pistol" (otherwise described as a ".177 caliber Marksman Repeater B-B pistol . . .") is a firearm within the meaning of OCGA § 16-11-106. To say otherwise dilutes the requirement that the State prove each and every essential element of a crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

OCGA § 16-11-106 (b) proscribes possession of "a firearm or a knife having a blade of three or more inches . . . during the commission of . . ." certain enumerated felonies and subsection (a) of this Code section provides that "the term 'firearm' shall include stun guns and tasers." However, OCGA § 16-11-106 does not otherwise define the term "firearm" and defendant argues that this omission, along with the statute's inclusion of weapons not commonly perceived as firearms, requires exclusion of any weapon not so included which is outside the standard dictionary definition of the term firearm, i.e., "a weapon which propels a projectile by means of an explosive charge." We agree.

"[I]t is an elementary rule of statutory construction that, absent clear evidence to the contrary, words should be assigned their ordinary, logical, and common meaning. [Cits.]" *Curlee v. Mock Enterprises*, 173 Ga. App. 594, 600 (327 SE2d 736); see OCGA § 1-3-1 (b). To this extent, we observe that Webster's Third New International Dictionary (1961), defines "firearm" as "a weapon from which a shot

---

[1] The victim of the first assault identified the ".177 caliber Marksman Repeater B-B pistol . . ." found in defendant's car as the handgun used by defendant and defendant admitted in a custodial statement that he used a "pellet gun" to force the victim of the last abduction to endure sexual intercourse. The victim of the third abduction initially identified the ".177 caliber Marksman Repeater B-B pistol . . ." as the handgun used by defendant but she later questioned the certainty of this identification on cross-examination, explaining that stress of the abduction dulled her memory of the specific characteristics of the handgun used by defendant. The victim of the second abduction neither affirmed nor refuted that the ".177 caliber Marksman Repeater B-B pistol . . ." is the weapon used by defendant during her abduction. However, she identified the car where this weapon was found (as did all of the victims) as the vehicle used by defendant during her abduction.

is discharged by gunpowder. . . ." Id. at 854. Further, Black's Law Dictionary (4th ed. 1951) defines "firearm" as "[a]n instrument used in the propulsion of shot, shell, or bullets by the action of gunpowder exploded within it [and a] weapon which acts by force of gunpowder." Id. at 761. Interestingly, the only weapons specifically described in OCGA § 16-11-106 are those that do not discharge a projectile via force of gunpowder. Because these are the only weapons specifically described by the statute outside the class of weapon commonly defined as firearms, under the maxim expressum facit cessare tacitum it may be inferred that the legislature intended to include within OCGA § 16-11-106 only those types of weapons specifically mentioned therein, i.e., stun guns, tasers, knives having a blade of three or more inches and weapons which discharge a projectile by force of gunpowder. See *State v. Peters*, 213 Ga. App. 352, 355 (444 SE2d 609). It thus follows that the legislature did not intend to have OCGA § 16-11-106 prohibit the possession of a "Marksman repeater pellet pistol" (otherwise described as a ".177 caliber Marksman Repeater B-B pistol . . .") as this weapon is not mentioned in the statute and there is no proof that it is capable of discharging a projectile via force of gunpowder.[2] Accordingly, since the State failed to produce any evidence that defendant possessed a firearm within the meaning of OCGA § 16-11-106 during abduction of the victims, defendant's convictions under Counts 3, 7, 12 and 15 of the indictment for possession of a firearm in violation of OCGA § 16-11-106 (b) must be reversed.

2. Defendant next challenges his conviction for rape under Count 5 of the indictment, arguing "[t]he State failed to introduce evidence that would show beyond a reasonable doubt that the vagina of [the victim of the second abduction] was penetrated by [his] penis. . . ." This contention is without merit. A medical examination of the victim of the second abduction after defendant abducted and assaulted her revealed the presence of spermatozoa inside her sex organ. This evidence and the victim's testimony that defendant "forced me to have sex with him" is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, that he penetrated the victim's sex organ with his sex organ in violation of OCGA § 16-6-1. *Jackson v. Virginia*, 443 U. S. 307, supra; *Richie v. State*, 183 Ga. App. 248 (1), 249-250 (358 SE2d 648).

3. In his final enumeration, defendant challenges the sufficiency of the evidence as to his conviction under Count 4 of the indictment for kidnapping with bodily injury, arguing that the victim of the second abduction was never held against her will. This enumeration is

---

[2] For apparently divergent statutory definitions of the term firearm, compare OCGA §§ 16-11-131 (a) (2) and 16-11-132 (a) (1).

without merit. The victim of the second abduction testified that defendant forced her out of his car at gunpoint and grabbed her arm when she tried to escape, causing the victim to fall and scrape her knees. This evidence is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of kidnapping with bodily injury in violation of OCGA § 16-5-40. *Jackson v. Virginia*, 443 U. S. 307, supra; *Green v. State*, 193 Ga. App. 894 (389 SE2d 358).

*Judgment affirmed in part and reversed in part. Pope, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 1, 1995.

*Richard O. Ward*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Nancy J. Berger, Assistant District Attorneys*, for appellee.