COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Elder and Bray
Argued at Salem, Virginia


RAYMOND FRANKLIN MOORE, JR.

MEMORANDUM OPINION[*] BY
v.          Record No. 2755-95-3          JUDGE LARRY G. ELDER
                                          DECEMBER 31, 1996
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
Diane McQ. Strickland, Judge

John P. Varney (Office of the Public
Defender, on brief), for appellant.

Ruth Morken, Assistant Attorney General
(James S. Gilmore, III, Attorney General;
Daniel J. Munroe, Assistant Attorney General,
on brief), for appellee.


Raymond Moore (appellant) appeals his conviction of

possession of a firearm by a convicted felon under Code

§ 18.2-308.2. He contends that the evidence was insufficient

to prove that the object possessed by him was a firearm. For

the reasons that follow, we affirm.

I.

FACTS

On April 11, 1995, Detective Altizer of the Roanoke City

Police Department found what appeared to be a rifle during a

consent search of appellant's room. Appellant, who had a prior

felony conviction, was charged with possession of a firearm by a

---
[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

convicted felon. At his trial, appellant moved to strike the Commonwealth's evidence on the ground that it had failed to prove that the object possessed by appellant was in fact a "firearm." Appellant argued that the Commonwealth did not prove that the purported rifle confiscated by Detective Altizer had the actual ability to expel a projectile by the power of an explosion. The trial court denied appellant's motion and found him guilty of possession of a firearm by a convicted felon.

## II.

### SUFFICIENCY OF THE EVIDENCE

Appellant contends that the evidence was insufficient to support his conviction because the Commonwealth failed to prove that he actually possessed a "firearm." We disagree.

Code § 18.2-308.2 provides that "[i]t shall be unlawful for (i) any person who has been convicted of a felony . . . to knowingly and intentionally possess . . . any firearm . . . ." As with any essential element of a criminal offense, the Commonwealth has the burden of proving beyond a reasonable doubt that the object possessed by a person charged under Code § 18.2-308.2 was actually a "firearm." See Dowdy v. Commonwealth, 220 Va. 114, 116, 255 S.E.2d 506, 508 (1979). "Code § 18.2-308.2 prohibits a felon from possessing a device that has the actual capacity to do serious harm because of its ability to expel a projectile by the power of an explosion, and it is not concerned with the use or display of a device that may

-2-

have the appearance of a firearm."  Jones v. Commonwealth, 16 Va. App. 354, 357-58, 429 S.E.2d 615, 617 (1992), aff'd en banc, 17 Va. App. 233, 436 S.E.2d 192 (1993) (holding that a firearm under Code § 18.2-308.2 is a device "that propel[s] a projectile by an explosion or discharge of gun powder").  Thus, in a prosecution under Code § 18.2-308.2, the Commonwealth is required to prove that the purported firearm had the actual ability to expel a projectile by the power of an explosion.

The Commonwealth may prove that a firearm is operable in several ways.  See Jeffrey F. Ghent, J.D., Annotation, Fact that Gun was Broken, Dismantled, or Inoperable as Affecting Criminal Responsibility under Weapons Statute, 81 A.L.R.4th 745, 760-63 (1990).  While the best method of proving the ability of a firearm to discharge shot by gunpowder is to introduce the testimony of a ballistics expert who test-fired the weapon, id., the Commonwealth is not required to offer direct evidence that the firearm is operable.  See Booker v. Engle, 517 F.Supp. 558, 561 (S.D.Ohio 1981); State v. Cartwright, 246 Or. 120, 137-38, 418 P.2d 822, 830 (1966), cert. denied, 386 U.S. 937, 87 S. Ct. 961, 17 L.Ed.2d 810 (1967) (citing Couch v. Commonwealth, 255 S.W.2d 478, 479 (Ky. 1953)).  Instead, the operability of a firearm may be proved by circumstantial evidence.  "A reasonable fact finder may . . . infer operability from an object which looks like, feels like, sounds like or is like, a firearm.  Such an inference would be reasonable without direct proof of

operability."  Commonwealth v. Layton, 452 Pa. 495, 498, 307 A.2d 843, 844 (1973); cf. Richardson v. Commonwealth, 21 Va. App. 93, 100, 462 S.E.2d 120, 124 (1995) (stating that, in a prosecution under Code § 18.2-308.2:2, the fact that the weapon had the firing capability required to distinguish it from antique weapons could be inferred from the evidence).

We hold that the evidence was sufficient to prove that the rifle confiscated by Detective Altizer had the actual ability to expel a projectile by the power of an explosion.  "When a defendant challenges the sufficiency of the evidence, we are required to review the evidence 'in the light most favorable to the Commonwealth and give it all reasonable inferences fairly deducible therefrom.'"  Collins v. Commonwealth, 13 Va. App. 177, 179, 409 S.E.2d 175, 176 (1991) (quoting Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975)).  "The conviction will not be reversed unless it is plainly wrong or without evidence to support it."  Id.  Detective Altizer testified that he examined the rifle, tested the trigger mechanism, and that the rifle was a Thompson's Center Arms .50 caliber black powder rifle.  A photograph of the rifle was introduced.  Detective Altizer testified in detail how the rifle functioned to discharge a bullet by an explosion of gunpowder. Based on this evidence that the rifle "looks like, feels like, . . . [and] is like" a firearm, a reasonable fact finder could infer that the rifle was operable and therefore a firearm under

Code § 18.2-308.2.  See Jolly v. State, 183 Ga. App. 370, 372, 358 S.E.2d 912, 913-14 (1987) (holding that unrefuted testimony of police officer that objects were pistols was sufficient to prove that they were capable of firing projectiles); State v. Millett, 392 A.2d 521, 527 (Me. 1978) (holding that testimony of witnesses who observed handgun projecting from defendant's belt was sufficient to prove operability).

Appellant argues that the circumstantial evidence of the rifle's operability was insufficient because Detective Altizer testified that non-functioning replicas of the Thompson's rifle exist and that he did not know the difference between a replica and a real Thompson's rifle.  We disagree.  In a case based upon circumstantial evidence, the Commonwealth must exclude every reasonable hypothesis of innocence.  See Cantrell v. Commonwealth, 7 Va. App. 269, 289, 373 S.E.2d 328, 338 (1988).  We hold that the record contains evidence other than Detective Altizer's description of the rifle that sufficiently disposes of the hypothesis that the rifle was a non-functioning replica.  First, appellant twice made statements to Detective Altizer in which he referred to the rifle as either a "gun" or a "firearm."  During neither of these conversations did appellant refer to the rifle as a non-functioning replica.  In addition, appellant made inconsistent statements about how the rifle became placed in his room.  On the day the rifle was confiscated, appellant told Detective Altizer that he "was keeping the gun for his father."

Then, two days later when Detective Altizer arrested appellant, appellant told the detective that the firearm did not belong to his father and that he did not know how the firearm was transported to his room.  These inconsistent statements permitted the trial court to infer that appellant was concealing his guilt. See Hughes v. Commonwealth, 18 Va. App. 510, 520-21, 446 S.E.2d 451, 458 (1994).99

For the foregoing reasons, we affirm the conviction.

Affirmed.