## A01A0058. LAW v. THE STATE.
(547 SE2d 784)

RUFFIN, Judge.

Jason Law appeals from his convictions for armed robbery, aggravated assault, and two counts of possession of a firearm during the commission of a crime. He does not challenge the sufficiency of the evidence. Instead, he argues that the trial court erred in admitting certain testimony and in charging the jury. He also claims that the trial court erroneously imposed consecutive sentences for the two firearm charges under OCGA § 16-11-106. For the reasons discussed below, we affirm Law's convictions, but vacate his sentences on the two firearm possession counts.

Law's convictions arose out of two separate incidents. Cynthia Pointer testified that on December 23, 1998, an individual she identified as Law approached her in a laundromat, "stuffed [a] gun in [her] stomach," and demanded money. Pointer gave Law her money. Law then took Pointer into a bathroom and threatened to kill her. Pointer managed to grab the gun, and Law fled. As Law ran from the premises, Pointer threw the gun at him. Law picked up the gun and left the scene. Asked to describe the gun, Pointer testified that "it actually looked like a cap gun now to think of it, but it is like — had the round barrel which you put the single bullets in." The gun was not admitted into evidence.

George Saade similarly identified Law as the individual who robbed his electronics store on January 18, 1999. According to Saade, Law entered his store and pulled a gun, demanding money and merchandise. Law was apprehended by police shortly after leaving the store with a bag of stolen goods.

The jury found Law guilty of aggravated assault on Pointer and possessing a firearm during the commission of the aggravated assault. It also found Law guilty of the armed robbery of Saade and

possessing a firearm during the commission of the armed robbery.[1]

1. Law contends that the trial court erred in allowing the state to recall Pointer to explain a discrepancy between her testimony and the testimony of a police officer. In particular, Law argues that Pointer's additional testimony violated the rule of sequestration because Pointer remained in the courtroom after the trial court initially excused her as a witness.

Law has provided no record support for his claim that the rule of sequestration was invoked in this case. The record also does not clearly establish that Law objected to the state recalling Pointer. Even if the rule was invoked and Law raised a proper objection, however, no error occurred.

"[T]he recalling of a witness for further examination at the instance of either party is always within the discretion of the trial judge."[2] We find no abuse of that discretion here. Furthermore, "[i]n criminal cases, the violation of the rule of sequestration by *any* witness either for the defense or for the prosecution goes to the credibility rather than to the admissibility of the witness' testimony."[3] The trial court's decision to admit Pointer's additional testimony was not error.

2. Law also argues that the trial court erred in refusing to define the term "firearm" during jury instructions. We disagree.

The trial court's jury instruction defining "possession of a firearm during commission of a crime" tracked the applicable provisions of OCGA § 16-11-106 (b). After the charge, Law asked the trial court to further instruct the jury that a firearm is "a weapon capable of discharging a projectile via force of gunpowder." Law noted Pointer's testimony that the gun he used "looked like a cap gun" and argued that a specific definition of "firearm" was necessary. The trial court refused to give the requested definition, finding that the word "firearm" has a "common usage."

Jury instructions need not specifically define "[t]erms of common usage and meaning."[4] We agree with the trial court that "firearm" is such a term and requires no specific definition.[5] Our decision in

---

[1] Law was charged with two other armed robberies and two additional counts of possession of a firearm during the commission of a crime, but was acquitted of those offenses.

[2] (Punctuation omitted.) *Clarke v. State*, 241 Ga. App. 186, 191 (2) (526 SE2d 395) (1999); *McGee v. State*, 205 Ga. App. 722, 723 (4) (423 SE2d 666) (1992).

[3] (Emphasis in original.) *Blanchard v. State*, 247 Ga. 415, 417 (1) (276 SE2d 593) (1981); see also *Johnson v. State*, 258 Ga. 856, 857 (4) (376 SE2d 356) (1989); *Robinson v. State*, 246 Ga. App. 576, 583 (7) (541 SE2d 660) (2000).

[4] *Philpot v. State*, 268 Ga. 168, 171 (3) (486 SE2d 158) (1997).

[5] See *Anderson v. State*, 226 Ga. 35, 36 (2) (172 SE2d 424) (1970) ("[T]he word 'assault' is certainly a term in common usage."); *Turner v. State*, 246 Ga. App. 49, 54-55 (5) (a) (539 SE2d 553) (2000) (no error in failing to charge jury on definition of "destructive device");

*Fields v. State*[6] does not demand a different result. In *Fields*, we considered whether a BB pistol is a "firearm" under OCGA § 16-11-106. We concluded that, except as otherwise noted in the statute, a "firearm" is a weapon "which discharge[s] a projectile by force of gunpowder."[7] In reaching this decision, we assigned the term "firearm" its ordinary and logical meaning and found its common definition.[8]

Nothing in *Fields* required the trial court to define "firearm" in this case. On the contrary, that decision indicates that the word "firearm" has a common and ordinary usage. The trial court did not err in rejecting Law's requested charge.

3. Finally, Law challenges the consecutive sentences imposed by the trial court on the firearm possession counts. The trial court concluded that "the two firearm possession charges require not only consecutive sentencing with respect to the armed robbery and/or aggravated assault but with respect to each other as well." Finding that it had no discretion to run the firearm possession sentences concurrently to each other, the trial court sentenced Law to two consecutive five-year terms.

In *Busch v. State*,[9] however, the Supreme Court determined that OCGA § 16-11-106 (b) does not prevent a trial court from imposing concurrent sentences for multiple convictions under OCGA § 16-11-106 (b). The Supreme Court held: "when [OCGA § 16-11-106 (b)] provides that its five-year sentence must be imposed consecutively to any other sentence which [the defendant] has received, the statute is referring to the sentence that the person has received for the underlying felony."[10] The trial court apparently imposed consecutive sentences for the two firearm possession counts because it erroneously believed it had no discretion to do otherwise. Accordingly, Law's sentences on the possession of a firearm during commission of a crime convictions (Counts 2 and 6) are vacated, and this case is remanded for resentencing in light of the Supreme Court's decision in *Busch v. State*.

*Judgment of conviction affirmed. Sentence partially vacated and case remanded for resentencing. Johnson, P. J., and Ellington, J., concur.*

---

*Clarke v. State*, supra at 192 (3) ("We find that telemarketing is a term of common usage and meaning, and that the trial court did not err in failing to give a charge defining it.").

[6] 216 Ga. App. 184 (453 SE2d 794) (1995).
[7] Id. at 187 (1).
[8] Id. at 186-187.
[9] 271 Ga. 591, 595 (523 SE2d 21) (1999).
[10] (Punctuation omitted.) Id. at 594.

DECIDED APRIL 17, 2001.

*James S. Garner III*, for appellant.

*Tambra P. Colston, District Attorney, Fred R. Simpson, Assistant District Attorney*, for appellee.