## A06A0822. SMITH v. THE STATE.
### (630 SE2d 125)

SMITH, Presiding Judge.

Convicted of armed robbery and hijacking a motor vehicle, Corey Smith appeals from the sentence entered by the trial court. He contends that the court failed to exercise its discretion when it imposed a consecutive sentence for the hijacking count. We agree, vacate Smith's sentence, and remand the case for resentencing.

A jury found Smith guilty of armed robbery and hijacking a motor vehicle for taking at gunpoint the victim's car, money, and other items. During sentencing, the trial judge stated:

> Count two involves a hijacking of a motor vehicle. I have read the statute and I've looked a little bit at the Act itself. It's clear to me the legislature intended that this be a consecutive sentence. It is an additional that is not and should not be lumped together. It should not be considered by a court, and I don't consider as a court, as a substantive lump-in together.

The judge then sentenced Smith to fifteen years to serve for the armed robbery count and ten years to serve for the hijacking count consecutive to the armed robbery sentence.

Under OCGA § 16-5-44.1 (d), "[t]he offense of hijacking a motor vehicle shall be considered a separate offense and shall not merge with any other offense; and the punishment . . . shall not be deferred, suspended, or probated." The statute does not provide that a sentence for hijacking must be served consecutively with another sentence. Had the legislature intended to limit the trial court's discretion with regard to the sentence for hijacking, it could have provided so expressly. See OCGA § 16-11-106 (b) (sentence for possession of firearm during the commission of certain felonies shall run consecutive to any other sentence).

Here, the trial judge imposed consecutive sentences because he mistakenly believed he had no discretion to do otherwise. See *Law v. State*, 249 Ga. App. 253, 255 (3) (547 SE2d 784) (2001). The State contends that a consecutive sentence was appropriate in this case because the court also considered the "specific facts and circumstances" and Smith's prior aggravated assault conviction. The trial judge stated that he had previously sentenced Smith and that Smith had obviously not reformed. The trial judge also stated that he "spent a lot of time thinking about this sentence," and that he believed an additional ten years to serve was appropriate because Smith chose to

"victimize a woman who was by herself in a very vulnerable situation." Although the trial judge considered several factors in sentencing Smith, we cannot ignore the judge's stated belief that the hijacking statute mandated a consecutive sentence. It is well settled that we cannot find harmless error when the trial court has failed to exercise its discretion in sentencing. *Bradshaw v. State*, 237 Ga. App. 627, 630 (2) (516 SE2d 333) (1999). Had the trial judge indicated that he would have sentenced Smith to ten consecutive years regardless of what he believed the statute required, his misinterpretation of the statute would be of no consequence. But this is not the circumstance presented here.

From the comments he made, it appears that the trial judge failed to exercise his discretion in sentencing Smith. We must therefore vacate his sentence and remand the case for the exercise of the trial judge's discretion upon resentencing. See *Blevins v. State*, 270 Ga. App. 388, 395 (5) (606 SE2d 624) (2004).

*Sentence vacated and case remanded for resentencing. Ruffin, C. J., and Phipps, J., concur.*

DECIDED APRIL 13, 2006.

*Carl P. Greenberg*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.