### A08A1196. HWANG v. THE STATE.
(668 SE2d 325)

MILLER, Judge.

After Anitrea Hwang pled guilty to driving with a suspended license, in violation of OCGA § 40-5-121, the trial court sentenced her to twelve months confinement, with ten days to be served in jail and the remainder on probation. Hwang now appeals, asserting that the trial court erred in holding that the ten-day jail sentence was statutorily mandated and that it had no authority to probate or suspend that part of Hwang's sentence. We agree and therefore vacate Hwang's sentence and remand the case for resentencing.

"This appeal presents a question of law, which we review de novo. [Cit.]" *Burdett v. State*, 285 Ga. App. 571 (646 SE2d 748) (2007).

Hwang's conviction in this case represented her second conviction in six months for driving with a suspended license. In such cases, OCGA § 40-5-121 (a) provides that the defendant "shall be guilty of a high and aggravated misdemeanor and shall be punished

---

by imprisonment for not less than ten days nor more than 12 months, and there may be imposed in addition thereto a fine of not less than $1,000.00 nor more than $2,500.00." Relying on the statute's use of the word "shall," the trial court stated that it was without discretion to probate or suspend Hwang's ten-day jail term. This holding, however, was incorrect as a matter of law.

Under OCGA § 17-10-1, a judge may "suspend or probate all or any part of [a] sentence" unless: (i) the crime of which the defendant is convicted is punishable by "life imprisonment, life without parole, or the death penalty" (OCGA § 17-10-1 (a) (1)); or (ii) the statute under which the defendant was convicted explicitly prohibits the trial judge from probating or suspending any part of the statutorily required sentence. *Knight v. State*, 243 Ga. 770, 774 (2) (257 SE2d 182) (1979); *Blevins v. State*, 270 Ga. App. 388, 395 (5) (606 SE2d 624) (2004). Such circumstances were not present in this case, and the trial court therefore had the discretion to suspend or probate any or all of Hwang's ten-day jail sentence.

"It is well settled that we cannot find harmless error when the trial court has failed to exercise its discretion in sentencing. [Cit.]" *Smith v. State*, 278 Ga. App. 858, 859 (630 SE2d 125) (2006). See also *Blevins*, supra, 270 Ga. App. at 395 (5). "Had the trial judge indicated that he would have sentenced [Hwang] to [serve] ten [days in jail] regardless of what he believed the statute required, his misinterpretation of the statute would be of no consequence. But this is not the circumstance presented here." *Smith*, supra, 278 Ga. App. at 859. Accordingly, "[w]e must . . . vacate [Hwang's] sentence and remand the case for the exercise of the trial judge's discretion upon resentencing. [Cit.]" Id.

*Judgment vacated and case remanded. Blackburn, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 3, 2008.

*Gerard B. Kleinrock*, for appellant.
*Robert D. James, Jr.*, Solicitor-General, *Deetric M. Hicks*, Assistant Solicitor-General, for appellee.